UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Circuit Mediation Office
Phone (415) 355-7900 Fax (415) 355-8566
http://www.ca9.uscourts.gov/mediation

# MEDIATION QUESTIONNAIRE

The purpose of this questionnaire is to help the court's mediators provide the best possible mediation service in this case; it serves no other function. Responses to this questionnaire are **not** confidential. Appellants/Petitioners must electronically file this document within 7 days of the docketing of the case. 9th Cir. R. 3-4 and 15-2. Appellees/Respondents may file the questionnaire, but are not required to do so.

| | |
|---|---|
| 9th Circuit Case Number(s): | 11-55016 |
| District Court/Agency Case Number(s): | 3:10-cv-00940-IEG-WVG |
| District Court/Agency Location: | United States District Court, Southern District of California |
| Case Name: | Tarla Makaeff, et al. v. Trump University, LLC, et al. |
| If District Court, docket entry number(s) of order(s) appealed from: | Docket Entry No. 24 and Docket Entry No. 40 |
| Name of party/parties submitting this form: | Plaintiff/Counter-defendant/Appellant Tarla Makaeff |

Please briefly describe the dispute that gave rise to this lawsuit.

Plaintiff Tarla Makaeff filed this consumer class action upon discovering she had been duped by Trump University, LLC ("Trump Unversity"), a creation of billionaire mogul Donald J. Trump, into spending tens of thousands of dollars on real-estate seminars and mentoring services whose features were grossly misrepresented. Makaeff alleges that Defendant Trump University is little more than a deceptive infomercial designed to up-sell consumers into buying more programs and services. Through the lawsuit, Ms. Makaeff seeks to recover moneys spent on Trump University "courses," both on behalf of herself and others similarly situated.

After Ms. Makeaff filed her consumer class action, Trump University filed a counterclaim for defamation in a transparent attempt to intimidate Ms. Makaeff into dropping her claims and to punish her for exercising free-speech rights and lodging consumer complaints. Trump University seeks $1 million in damages against Ms. Makaeff.

Trump University's counterclaim is a quintessential Strategic Lawsuit Against Public Participation ("SLAPP"), being a corporation's countersuit filed to intimidate and silence an individual consumer who exercised her free-speech rights. Were such tactics permitted, consumers would be discouraged from complaining about a corporation's deceptive practices for fear of being "slapped" with a defamation claim. With the unfounded claim of $1 million in damages against Ms. Makaeff, Trump University seeks to frighten and intimidate her, as an individual with limited resources, into dropping her claims against Trump University.

Ms. Makeaff instead filed an anti-SLAPP motion pursuant to California Code of Civil Procedure §425.16, which permits early dismissal of meritless defamation claims aimed at chilling expression.

Her appeal is from the District Court's collateral orders denying her anti-SLAPP motion and denying her motion for

| |
|---|
| reconsideration. |

| |
|---|
| Briefly describe the result below and the main issues on appeal. |
| On August 23, 2010, the District Court denied Plaintiff Makaeff's anti-SLAPP motion to strike Trump University's defamation counterclaim. The District Court found Ms. Makaeff met her initial burden of showing the alleged defamatory statements arose from protected free-speech activity. But the District Court then ruled that Trump University showed a reasonable probability it will succeed on the merits, primarily because Trump University cannot be deemed a "public figure" required to show Ms. Makaeff made the alleged statements with actual malice. The District Court accordingly denied Ms. Makaeff's anti-SLAPP motion.<br><br>On September 20, 2010, Ms. Makaeff moved under Federal Rules of Civil Procedure 60(b) for reconsideration to avoid clear error or manifest injustice, and asking the District Court to reconsider whether Trump University is a public figure based on newly discovered law and facts. Ms. Makaeff also asked the District Court to reconsider whether her statements were protected by the "common interest" privilege.<br><br>On December 6, 2010, the District Court denied the motion for reconsideration.<br><br>On appeal, Ms. Makaeff challenges the District Court's orders concerning her anti-SLAPP motion. Specifically, she will contend the District Court erred in ruling that Trump University does not qualify as a public figure – either all-purpose or limited purpose – which would require Trump University to show Ms. Makaeff made the allegedly defamatory statements with actual malice. She will, moreover, contend the District Court erred in finding that her alleged statements were not privileged. She plans to argue that the District Court's decision could have unintended consequences of chilling consumer complaints, thereby undermining the California legislature's purpose in enacting California Code of Civil Procedure §425.16. |

| |
|---|
| Describe any proceedings remaining below or any related proceedings in other tribunals. |
| The District Court's order denying Ms. Makaeff's motion to strike is an appealable collateral order. See Mindys Cosmetics, Inc. v. Dakar, 611 F.3d 590, 595 (9th Cir. 2010); Zamani v. Carnes, 491 F.3d 990, 994 (9th Cir. 2007); Batzel v. Smith, 333 F.3d 1018, 1024-25 (9th Cir. 2003). Thus, Ms. Makaeff's consumer claims, and those of additional Plaintiffs Brandon Keller, Ed Oberkrom, and Patricia Murphy, continue below against Defendants Trump University and Donald J. Trump. On October 12, 2010, the District Court issued an order denying in large part Defendant Trump University's motion to dismiss Plaintiffs' First Amended Class Action Complaint. On December 16, 2010, Plaintiffs filed their Second Amended Class Action Complaint, naming Donald J. Trump and adding additional factual allegations against Defendants. Defendants' motions to dismiss are currently due on January 31, 2011. |

| |
|---|
| Provide any other thoughts you would like to bring to the attention of the mediator. |
| Plaintiff Makaeff is willing and available to explore the possibility of mediation. |

Any party may provide additional information *in confidence* directly to the Circuit Mediation Office at ca09_mediation@ca9.uscourts.gov. Please provide the case name and Ninth Circuit case number in your message. Additional information might include interest in including this case in the mediation program, the case's settlement history, issues beyond the litigation that the parties might address in a settlement context, or future events that might affect the parties' willingness or ability to mediate the case.

**CERTIFICATION OF COUNSEL**

I certify that:

☒ a current service list with telephone and fax numbers and email addresses is attached (see 9th Circuit Rule 3-2).

☒ I understand that failure to provide the Court with a completed form and service list may result in sanctions, including dismissal of the appeal.

Signature | s/ Eric Alan Isaacson

("s/" plus attorney name may be used in lieu of a manual signature on electronically-filed documents.)

Counsel for | Plaintiff/Counter-defendant/Appellant Tarla Makaeff

**Note:** Use of the Appellate ECF system is mandatory for all attorneys filing in this Court, unless they are granted an exemption from using the system. **File this document electronically** in Appellate ECF by choosing Forms/Notices/Disclosure > File a Mediation Questionnaire.

CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Service List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Service List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 11, 2011.

s/ Eric A. Isaacson
ERIC A. ISAACSON

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:erici@rgrdlaw.com

Service List for Case 11-55016

| Case Number: 11-55016 | ECF Filing Status |
|---|---|
| Amanda M. Frame<br>Robbins Geller Rudman & Dowd LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>aframe@rgrdlaw.com<br>Phone: 619/231/1058<br>619-231-7423 (fax) | Active |
| Amber Eck<br>Zeldes & Haeggquist, LLP<br>625 Broadway<br>Suite 906<br>San Diego, CA 92101<br>Ambere@zhlaw.com<br>Telephone: 619/342-8000<br>619/342-7878 (fax) | Active |
| David Keith Schneider<br>YUNKER & SCHNEIDER<br>Suite 1400<br>655 W Broadway<br>San Diego, CA 92101<br>dks@yslaw.com<br>Telephone: 619/233-5500<br>619/233-5535 (fax) | Not Registered |
| Eric Alan Isaacson<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>erici@rgrdlaw.com<br>Phone: 619/231/1058<br>619-231-7423 (fax) | Active |
| Paula M. Roach<br>Robbins Geller Rudman & Dowd LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>proach@rgrdlaw.com<br>Phone: 619/231/1058<br>619-231-7423 (fax) | Not Registered |
| Rachel L. Jensen<br>Robbins Geller Rudman & Dowd LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>rachelj@rgrdlaw.com<br>Phone: 619/231/1058<br>619-231-7423 (fax) | Active |

592868_1