UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Circuit Mediation Office
Phone (415) 355-7900 Fax (415) 355-8566
http://www.ca9.uscourts.gov/mediation

# MEDIATION QUESTIONNAIRE

The purpose of this questionnaire is to help the court's mediators provide the best possible mediation service in this case; it serves no other function. Responses to this questionnaire are *not* confidential. Appellants/Petitioners must electronically file this document within 7 days of the docketing of the case. 9th Cir. R. 3-4 and 15-2. Appellees/Respondents may file the questionnaire, but are not required to do so.

9th Circuit Case Number(s): 11-55016

District Court/Agency Case Number(s): 3:10-cv-00940-IEG-WVG

District Court/Agency Location: United States District Court, Southern District of California

Case Name: Tarla Makaeff, et al. v. Trump University, LLC, et al.

If District Court, docket entry number(s) of order(s) appealed from: Docket Entry No. 24 and Docket Entry No. 40

Name of party/parties submitting this form: Defendant/Counterclaimant/Appellee Trump University, LLC

## Please briefly describe the dispute that gave rise to this lawsuit.

Trump University, LLC ("Trump University") is a small private company, and at the material time herein, had 39 employees. Trump University offered training, instruction, mentoring, and other support for motivated people interested in learning about real estate and financial investment.

On 8/8/08, Plaintiff attended a three-day Trump University program entitled "Fast Track to Foreclosure Workshop" with a personal friend, splitting the cost of $1,495. At the end of the Workshop, Plaintiff signed up for the Trump University "Trump Gold Elite" program" at a cost of $34,995. This program entitled Plaintiff to: (i) attend five other programs free of charge over the next six months; (ii) receive training publications, software, and other materials; (iii) get a three-day mentoring session in the field from other more advanced attendees and instructors; and (iv) have her business incorporated. Plaintiff accepted and utilized every one of those benefits.

Specifically, on 9/26/08, Plaintiff began her three-day "In-Field Mentorship." At the conclusion of that program, she filled out a "Field Mentor Evaluation Form" in which she described her experience as "amazing," rated her mentor as "excellent," and rated every other one of the ten facets of the program as "excellent" as well.

On 10/24/08, Plaintiff began her three-day "Wealth Preservation/Asset Protection Retreat." At the conclusion of that program, she filled out a rating sheet with "excellent" marks for all four facets of the program, indicated she would attend and recommend more Trump University seminars.

On 10/31/08, Plaintiff began her three-day "Creative Financing Real Estate Workshop." At the conclusion of that program, she filled out a rating sheet with "excellent" marks for all five facets of the program, indicated she would attend and recommend more Trump University Seminars, and indicated that "nothing could be improved."

On 1/23/09, Plaintiff attended her three day "Commercial and Multi-Family Retreat" and on 2/6/09, Plaintiff attended her three day "Quit Turn Real Estate Retreat." She had absolutely no complaints about either program.

In April 2009, after completing all five programs and workshops, and after seven months in the "Trump Gold Elite" program, and after providing glowing written reviews, Plaintiff wrote to Trump University stating that she was having significant personal financial difficulties unrelated to Trump University, and found herself in a "precarious financial position." She demanded a full refund. Trump University explained that it cannot refund her money after she had already participated in every program and received the information, skill set and mentoring she paid for. Nevertheless, as a showing of good faith, Trump University offered, and Plaintiff accepted, additional free mentoring services on 4/21/09, 5/12/09, and 6/30/09, and Plaintiff also had at least fifteen telephone conferences or email exchanges with yet another mentor.

At the conclusion of her final program, Plaintiff was interviewed on videotape. She praised the hands-on experience of the mentor program and spoke favorably about Trump University.

In late summer 2009, Plaintiff suddenly turned on Trump University. Plaintiff's entire reason for her unexpected about-face and attack on Trump University was that her personal financial situation had deteriorated to the point that she became desperate for cash, and apparently for a scapegoat.

In an effort to put pressure on Trump University to refund her money, beginning in September 2009, she began making defamatory statements to various third parties, including that Trump University engaged in: (1) "fraudulent, deceptive and criminal business practices"; (2) "illegal predatory high pressure tactics"; (3) "a clear practice of personal financial information fraud"; (4) "illegal bait and switch"; (5) "outright fraud"; (6) "grand larceny"; (7) "identity theft"; (8) "unsolicited taking of personal credit and trickery into opening credit cards without approval"; (9) "neurolinguistic programming and high pressure sales tactics based on the psychology of scarcity"; (10) "gargantuan amount of misleading, fraudulent, and predatory behavior"; (11) "blatant lies"; (12) "fraudulent misleading tactics"; and (13) "brainwashing tactics"; as well as other defamatory statements

Most of these defamatory statements did not even pertain to Plaintiff. Apparently, Plaintiff simply read anonymous Internet postings and then published these alleged wrongful acts as her own. The statements were false, and Plaintiff knew they were false when she made them.

The defamatory statements caused a significant decline in Trump University's business, resulting in substantial damages. On May 27, 2010, Trump University filed a Counterclaim against Plaintiff for defamation.

Briefly describe the result below and the main issues on appeal.

Plaintiff filed a Motion to Strike the Counterclaim under California Code of Civil Procedure section 425.16. After extensive briefing and oral argument, Chief Judge Gonzalez denied Plaintiff's motion. Plaintiff then filed for Reconsideration and the Court again denied Plaintiff's motion.

Counterclaimant disagrees that Plaintiff satisfied her initial burden, but the District Court properly found that Counterclaimant met its own burden and properly denied Plaintiff's motion.

Plaintiff's appeal is unsupported by California law and the facts of this matter. First, the Court correctly found that Trump University met its burden. Second, even had the Court determined that Trump University LLC was somehow a "public figure," denial of the motion still would have been proper because Trump University presented ample evidence that Plaintiff made her defamatory statements with actual malice; Plaintiff never believed her defamatory statements to be true and had no basis to make such statements.

Describe any proceedings remaining below or any related proceedings in other tribunals.

| |
|---|
| Provide any other thoughts you would like to bring to the attention of the mediator. |
| Counterclaimant is willing and available to explore the possibility of mediation. |

Any party may provide additional information *in confidence* directly to the Circuit Mediation Office at ca09_mediation@ca9.uscourts.gov. Please provide the case name and Ninth Circuit case number in your message. Additional information might include interest in including this case in the mediation program, the case's settlement history, issues beyond the litigation that the parties might address in a settlement context, or future events that might affect the parties' willingness or ability to mediate the case.

## CERTIFICATION OF COUNSEL

I certify that:

☒ a current service list with telephone and fax numbers and email addresses is attached (see 9th Circuit Rule 3-2).

☒ I understand that failure to provide the Court with a completed form and service list may result in sanctions, including dismissal of the appeal.

| Signature | s/David K. Schneider |
|---|---|

("s/" plus attorney name may be used in lieu of a manual signature on electronically-filed documents.)

| Counsel for | Defendant/Counterclaimant/Appellee Trump University, LLC |
|---|---|

**Note:** Use of the Appellate ECF system is mandatory for all attorneys filing in this Court, unless they are granted an exemption from using the system. **File this document electronically** in Appellate ECF by choosing Forms/Notices/Disclosure > File a Mediation Questionnaire.