## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| TARLA MAKAEFF, on behalf of herself and all others similarly situated, | No. 11-55016 |
| Plaintiff-Counter-Defendant Appellant, | U.S. District Court for the Southern District of California D.C. No. 3:10-cv-00940-IEG-WVG |
| v. | |
| TRUMP UNIVERSITY, LLC, a New York Limited Liability Company, AKA Trump Entrepreneur Initiative, | |
| Defendant-Counter-Claimant-Appellee. | |

## DEFENDANT-COUNTER-CLAIMAINT-APPELLEE'S RESPONSE TO REQUEST FOR JUDICIAL NOTICE

Plaintiff-Counter-Defendant-Appellant Tarla Makaeff ("Appellant") filed a Request for Judicial Notice ("RJN"), requesting that this Court expand the record beyond the evidence that was before the district court. Appellant seeks "judicial notice" of magazine and newspaper articles, web pages, and excerpts from books authored by Donald J. Trump. Appellant's request is improper for two fundamental but dispositive reasons: First, Appellant seeks to expand the record beyond the evidence presented by either party to the district court. Second, Appellant does not actually seek judicial notice for the permitted very limited purpose of determining "what information was in the public realm at the time."

*See Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 960 (9th Cir. 2010). Instead, Appellant repeatedly cites the actual <u>content</u> of articles and books in an effort to support Appellant's various arguments and cites the "hearsay" articles and content as evidence as if it were properly before the Court. Accordingly, Appellee Trump University, LLC ("Trump University") respectfully requests that the Court deny the RJN in its entirety.

First, in general, documents not considered by the district court cannot be part of the record on appeal. *Kirshner v. Uniden Corp. of America,* 842 F.2d 1074, 1077 (9th Cir. 1988). "It is rarely appropriate for an appellate court to take judicial notice of facts that were not before the district court." *Flick v. Liberty Mut. Fire Ins. Co.,* 205 F.3d 386, 392 n.7 (9th Cir. 2000); *see also Yagman v. Republic Ins. Co.,* 987 F.2d 622, 626 n.3 (9th Cir. 1993) (declining to take judicial notice of newspaper articles that were not presented to the district court). Appellant fails to explain why she should be able to supplement the record with documents she could have brought to the district court's attention. For this reason alone, this Court may deny Appellant's request. *See, e.g., Lobatz v. U.S. West Cellular of Cal., Inc.,* 222 F.3d 1142, 1148 (9th Cir. 2000) ("While we may take judicial notice of evidence not submitted to the district court, generally we do not if the evidence could have been submitted to the district court.").

Appellant argues that by virtue of the fact that she cites certain articles and web pages in her complaint (App. Dkt. 12-2, Exhs. A-D), such publications "are freely noticeable." (App. Dkt. 12-1 at 1.) In making this argument, Appellant relies on several cases where the Court, in reviewing a ruling on a motion to dismiss, considered documents incorporated by reference in the complaint at issue.[1] Such authority is inapposite here, however, as the issue on appeal arises from the denial of Appellant's motion to strike Appellee's counter-claim – it does not stem from a ruling regarding Appellant's operative complaint. Under the authority cited by Appellant, it follows that documents incorporated by reference in the counter-claim may be considered, but that is not what Appellant seeks here. Instead, without authority, Appellant argues that the Court should take judicial notice of documents incorporated by reference in a pleading not at issue on appeal. Accordingly, the Court should not take judicial notice of the web pages and articles by virtue of Appellant's reference in her complaint.

---

[1] *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010); *al-Kidd v. Ashcroft,* 580 F.3d 949, 994 n.6 (9th Cir. 2009); *Zucco Partners LLC v. Digimarc Corp.,* 552 F.3d 981, 991 (9th Cir. 2009); *Ronconi v. Larkin,* 253 F.3d 423, 427 (9th Cir. 2001); *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 986 (9th Cir. 1991).

Second, while this Court may take judicial notice of publications "solely as an indication of what information was in the public realm at the time," judicial notice cannot be taken with respect to the contents of those publications. *Von Saher,* 592 F.3d at 960; *see, e.g., Cowlitz Tribe of Indians v. City of Tacoma,* 253 F.2d 625, 626 (9th Cir. 1958) (taking judicial notice of "a matter of history" that the United States occupied certain territory). Nevertheless, Appellant's clear intent, as indicated by the fact that Appellant's opening brief is replete with citations and references to the content of such publications[2], is to expand the record on appeal to include the information contained in the publications. Because expansion through judicial notice is inappropriate, the Court should deny Appellant's request.

Not only is judicial notice of web pages and magazine and newspaper articles improper, but so too is judicial notice of "Donald Trump's books." (App. Dkt. 12-1 at 3.) Appellant's reference to case law regarding judicial notice of reference materials, *see, e.g., Flood v. Kuhn,* 407 U.S. 258, 262 n.2 (1972) (referencing a baseball encyclopedia); *Texas & Pac. Ry. Co. v. Pottorff,* 291 U.S. 245, 254 n.4 (1934) (referring to treatises and text books on banking), does not support the taking of judicial notice of the excerpts attached as Exhibits U-Y of the RJN. Findings of fact in treatises may properly be judicially noticed. *See, e.g.,*

---

[2] *See, e.g.,* App. Dkt. 11-1 at 45-6, 51-3, 57 n.33, 62-3.

*Carson Harbor Village Ltd. v. City of Carson,* 37 F.3d 468, 470 n.1 (9th Cir. 1994), overruled on other grounds by *WMX Technologies, Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Appellant, however, requests judicial notice not of findings of fact from a treatise, but instead for the improper purpose of proving that "Trump University is an extension of Donald Trump's public persona" (App. Dkt. 11-1 at 62) based on the content of books he authored. As judicial notice is not proper for the content of such publications, *Von Saher,* 592 F.3d at 960 (9th Cir. 2010), the Court should deny Appellant's request for judicial notice of the books.

For the foregoing reasons, Trump University respectfully requests that the Court deny Appellant's request for judicial notice in its entirety.

Dated: June 8, 2011

By: s/Jill A. Martin
     Jill A. Martin

c/o Trump National Golf Club
One Ocean Trails Drive
Rancho Palos Verdes, CA 90275
Tel: (310) 303-3225
Fax: (310) 265-5522
Email: jmartin@trumpnational.com

## <u>CERTIFICATE OF SERVICE</u>
Case No. 11-55016

I hereby certify that on June 8, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on June 8, 2011.

s/Jill A. Martin
Jill A. Martin

c/o Trump National Golf Club
One Ocean Trails Drive
Rancho Palos Verdes, CA 90275
Tel: (310) 303-3225
Fax: (310) 265-5522
Email: jmartin@trumpnational.com