No. 11-55016

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

TARLA MAKAEFF, Individually and on Behalf of All Others Similarly Situated,

Plaintiff-Counter-Defendant-Appellant,

vs.

TRUMP UNIVERSITY, LLC,

Defendant-Counter-Claimant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of California
No. 3:10-cv-00940-IEG(WVG)
The Honorable Irma E. Gonzalez

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

ROBBINS GELLER RUDMAN
 & DOWD LLP
ERIC ALAN ISAACSON (120584)
RACHEL L. JENSEN (211456)
AMANDA M. FRAME (253603)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ZELDES & HAEGGQUIST, LLP
AMBER L. ECK (177882)
625 Broadway, Suite 906
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Attorneys for Plaintiff-Counter-Defendant-Appellant Tarla Makaeff

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ............................................................................1

II.    ARGUMENT...................................................................................1

     A.    This Court May Judicially Notice Makaeff's Materials .......................1

     B.    This Court May Judicially Notice News Articles and Books Without Assuming the Truth of Factual Assertions They Contain ...................................................................................7

III.   CONCLUSION..............................................................................10

632059_1

# TABLE OF AUTHORITIES

**Page**

## CASES

*In re Am. Biomaterials Corp.*,
954 F.2d 919 (3d Cir. 1992) ................................................................1

*In re Briscoe*,
448 F.3d 201 (3d Cir. 2006) ...............................................................5

*Carr v. Forbes, Inc.*,
259 F.3d 273 (4th Cir. 2001) ...............................................................7

*Crane v. Arizona Republic*,
972 F.2d 1511 (9th Cir. 1992) ............................................................7

*Dawson v. Gen. Motors Corp.*,
977 F.2d 369 (7th Cir. 1992) ...............................................................9

*Dixon v. Int'l Bd. of Police Officers*,
504 F.3d 73 (1st Cir. 2007) ................................................................7

*Dockray v. Phelps Dodge Corp.*,
801 F.2d 1149 (9th Cir. 1986) ............................................................5

*Eneh v. Holder*,
601 F.3d 943 (9th Cir. 2010) ...............................................................5

*Fiacco v. Sigma Alpha Epsilon Fraternity*,
528 F.3d 94 (1st Cir. 2008) ................................................................7

*Flick v. Liberty Mut. Fire Ins. Co.*,
205 F.3d 386 (9th Cir. 2000) ...............................................................6

*Gafoor v. INS*,
231 F.3d 645 (9th Cir. 2000) ...............................................................5

*Hotel Emps. & Rest. Emps. Union, Local 100 v. City of N.Y. Dep't
of Parks and Recreation*,
311 F.3d 534 (2d Cir. 2002) ................................................................5

632059_1

**Page**

*Lobatz v. U.S. West Cellular of Cal., Inc.,*
   222 F.3d 1142 (9th Cir. 2000) ..................................................................1

*Papai v. Harbor Tug & Barge Co.,*
   67 F.3d 203 (9th Cir. 1995)
   *rev'd on other grounds*, 520 U.S. 548 (1997) ....................................1

*Rothenberg v. Sec. Mgmt. Co.,*
   667 F.2d 958 (11th Cir. 1982) ...............................................................1

*Singh v. Ashcraft,*
   393 F.3d 903 (9th Cir. 2004) ..............................................................5, 6

*Tellabs Inc. v. Makor Issues & Rights, Ltd.,*
   551 U.S. 308 (2007)...............................................................................4

*United States v. Jones,*
   574 F.3d 546 (8th Cir. 2009) .................................................................5

*Von Saher v. Norton Simon Museum of Art at Pasadena,*
   592 F.3d 954 (9th Cir. 2010) ...........................................................7, 10

*World Wide Ass'n of Specialty Programs v. Pure, Inc.,*
   450 F.3d 1132 (10th Cir. 2006) .............................................................7

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Evidence
   Rule 201 .................................................................................................6
   Rule 201(b)(2)........................................................................................4
   Rule 201(d) ............................................................................................4

California Code of Civil Procedure
   §425.16(b)(1) .........................................................................................3
   §425.16(b)(2) .........................................................................................3

- iii -

## I.   INTRODUCTION

The merits panel should have the opportunity to consider judicially noticeable news articles and books in connection with its independent *de novo* review in this case.

## II.   ARGUMENT

### A.   This Court May Judicially Notice Makaeff's Materials

Trump University says this Court must ignore anything not considered below, citing this Court's observation in *Lobatz v. U.S. West Cellular of Cal., Inc.*, 222 F.3d 1142, 1148 n. 4 (9th Cir. 2000), that "[w]hile we may take judicial notice of evidence not submitted to the district court, generally we do not if the evidence could have been submitted to the district court."

Yet Exhibits F-T to the RJN are articles that were published ***after*** the district court ruled, and that Makaeff thus ***could not*** have submitted below.  Relevant post-ruling developments are freely noticeable.[1]  Exhibits A-D to the RJN, moreover, are

---

[1]   *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995) *rev'd on other grounds*, 520 U.S. 548 (1997); *see, e.g.*, *In re Am. Biomaterials Corp.*, 954 F.2d 919, 922 (3d Cir. 1992) (noticing corporate officers' post-ruling guilty pleas as relevant to whether malfeasance lay behind breach of corporate tax obligations); *Rothenberg v. Sec. Mgmt. Co.*, 667 F.2d 958, 961 n.8 (11th Cir. 1982) (appellate courts notice relevant post-ruling developments that are a matter of public record).

- 1 -

documents that Makaeff did specifically reference before the district court – beginning with her initial pleading, and then in the First Amended Complaint ("FAC").[2]

Those pleadings both incorporated references to two columns in the *Los Angeles Times* by David Lazarus, citing and quoting their description of Trump University's advertising, and even providing live hyperlinks to each article.[3] Makaeff's pleadings also specifically referenced Douglas Feiden's piece in the *New York Daily News*, and Lynn O'Shaughnessy's for *CBS MoneyWatch*, reporting that New York education officials had found Trump University's self-description as a "University" to be misleading, and that the Better Business Bureau had given Trump University a "D-" rating.[4] In her argument below, moreover, Makaeff referenced this information, citing the FAC's paragraphs referencing these articles.[5] This Court is entitled to consider them.

---

[2]    *See* ER0344(CR1:¶15& nn.1-2); ER0350(CR1:¶36 & n.7); ER0266(CR10:¶30 & nn.3-4).

[3]    *Compare* ER0344(CR:¶15 & nn.1-2) *and* ER0266(CR10:¶30 & nn.3-4) *with* RJN Exs. A-B.

[4]    ER0350(CR1:¶36 & n.7); ER0274(CR10:¶54 & n.9).

[5]    *See, e.g.*, Special Motion to Strike Counterclaim at 3-4 (CR14-1:3-4) (citing CR10:¶¶30, 54); Reply in Support of Special Motion to Strike at 6 (CR17:6) (citing CR10:¶30 in argument that "Donald Trump is literally the 'face' of Trump University as his likeliness is used all over its website, its marketing materials, and during its seminars").

- 2 -

Trump University insists this Court must ignore articles referenced in Makaeff's pleadings because "the issue on appeal arises from the denial of Appellant's motion to strike Appellee's counter-claim – it does not stem from a ruling regarding Appellant's operative complaint." Opp. at 3. Yet the text of California's anti-SLAPP statute does not so limit this Court's review when determining whether Trump University "has established there is a probability that [it] will prevail on the claim" it asserts. Cal. Code Civ. P. §425.16(b)(1). "In making its determination," the statute says, "***the court shall consider the pleadings***, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." Cal. Code Civ. P. §425.16(b)(2) (emphasis added). Makaeff's complaints are among "the pleadings" in the district court, which are properly considered in connection with her anti-SLAPP motion.

Makaeff's initial pleading is, moreover, effectively incorporated by reference in Trump University's counter-claim, which characterizes Makaeff's class-action complaint as "a form of extortion," and alleges that Makaeff "has brought her claims against Trump University in a purported 'nationwide class action' managed, controlled, and financed by class action lawyers who may have written some, if not all of Plaintiff's defamatory letters themselves." ER0305(CR4:¶7). Trump University's counter-claim references (and thus incorporates) Makaeff's complaint, which references (and thus incorporates) the four articles attached to the RJN as Exhibits A-D, in paragraphs illustrating both how Trump University's advertising drew attention

- 3 -

to itself as an extension of Donald Trump's public persona, and how Trump University itself engendered public controversy by misleadingly calling itself a "University," and earning itself a "D-" grade from the Better Business Bureau.[6] Courts evaluating such pleadings may consider both "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

This leaves a newspaper article, presented as Exhibit E, and excerpts from books jointly published by Donald Trump and Trump University, submitted as Exhibits U-Y, as material that could have been, but in fact was not, referenced below. Makaeff submits that the existence and content of both the article and the books is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Rule 201(d) adds that "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." And the Rule leaves no doubt that it governs notice sought

---

[6] *See* ER0344(CR1:¶15 & nn.1-2); ER0350(CR1:¶35 & n.7); ER0266(CR10:¶30 & nn.3-4); ER0274(CR10:¶54 & n.9).

for the first time on appeal, specifying: "Judicial notice may be taken at any stage of the proceeding."[7] This Court may notice materials not considered below.[8]

Rejecting contentions that it cannot judicially notice new material on appeal, this Court has declared "it is nonsense to suppose that we are so cabined and confined that we cannot exercise the ordinary power of any court to take notice of facts that are beyond dispute." *Singh v. Ashcraft*, 393 F.3d 903, 905 (9th Cir. 2004). This Court then based its decision in *Singh* on news articles found through "[a] simple Lexis search."[9] Taking account of news articles neither referenced nor submitted below, this Court observed that an "appeals court could not function if it had to depend on proof in the record of facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably questioned.'" *Id*. at 906 (citation omitted).

---

[7] *See United States v. Jones*, 574 F.3d 546, 551 n.2 (8th Cir. 2009); *Hotel Emps. & Rest. Emps. Union, Local 100 v. City of N.Y. Dep't of Parks and Recreation*, 311 F.3d 534, 540 n.1 (2d Cir. 2002).

[8] *See, e.g.*, *Dockray v. Phelps Dodge Corp.*, 801 F.2d 1149, 1152 n.3 (9th Cir. 1986) (taking judicial notice of newspaper articles concerning a labor dispute that were not considered by the district court); *Gafoor v. INS*, 231 F.3d 645, 656-67 & n.7 (9th Cir. 2000) (judicially noticing numerous newspaper and magazine articles not considered below concerning unrest in Fiji); *In re Briscoe*, 448 F.3d 201, 221 & n.9 (3d Cir. 2006) (judicial notice of news coverage surrounding diet drugs' withdrawal from the market).

[9] *Id*. at 905-06; *see also, e.g.*, *Eneh v. Holder*, 601 F.3d 943, 947 (9th Cir. 2010) (citing with approval *Singh's* reliance on judicial notice of "articles found through 'a simple LEXIS search'") (quoting *Singh*).

The case was one in which the BIA failed to acknowledge the existence of a foreign governmental agency, perhaps because its name was not as readily recognized as Interpol or the KGB. This Court held: "Judicial notice is appropriate in exactly this circumstance – to ensure that administrative or judicial ignorance is not insulated from review through hyper-technical application of the general rule that the court can consider only evidence considered [below]." *Id.* at 907. The same rationale applies where the court below failed to recognize Trump University is a public figure.

Trump University quotes this Court's observation in *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n.7 (9th Cir. 2000), that it may be "rarely appropriate for an appellate court to take judicial notice of facts that were not before the district court." Yet *Flick* goes on to state: "We may, however, properly take judicial notice of facts outside of the record when creating new rules of law. *See* Fed. R. Evid. 201, note to subdiv. (a) (stating that a court may undertake an independent search for persuasive data)." *Id*. Whether Trump University qualifies as a "public figure," by calling itself a "University" identified with the public persona of someone as notorious and flamboyant as Donald Trump, presents not a question for the trier of fact, but rather an issue of law for this Court, whose decision will effectively establish the controlling rule of law for similar cases. However it rules, this Court will be making law on whether Donald Trump's empire can be sliced into pieces that take advantage of his status as a public figure without accepting the consequences.

- 6 -

While an appellate court might be reluctant to take notice if doing so interfered with a trial court's exercise of discretion or fact-finding functions, this appeal raises no such concerns, for whether Trump University qualifies as a "public figure" presents a question of law subject to the Court's thoroughly independent *de novo* review.[10]

### B. This Court May Judicially Notice News Articles and Books Without Assuming the Truth of Factual Assertions They Contain

Trump University acknowledges that this Court judicially noticed books and press reports in *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), for the purpose of determining "what information was in the public realm at the time." Trump University objects that Makaeff asks this Court instead to notice "the contents" of the articles and books submitted.

---

[10]     *See Crane v. Arizona Republic*, 972 F.2d 1511, 1517 (9th Cir. 1992) ("Whether a plaintiff qualifies as a public official is a question of law to be afforded de novo review."); *accord, e.g.*, *Fiacco v. Sigma Alpha Epsilon Fraternity*, 528 F.3d 94, 99 (1st Cir. 2008) ("whether a plaintiff is a public official or public figure is an issue of law that we review *de novo*"); *Dixon v. Int'l Bd. of Police Officers*, 504 F.3d 73, 87-88 (1st Cir. 2007) ("Whether Dixon is a public official or public figure is a question of law that we review de novo."); *World Wide Ass'n of Specialty Programs v. Pure, Inc.*, 450 F.3d 1132, 1137 (10th Cir. 2006) ("The District Court's determination that World Wide is a limited-purpose public figure is a question of law, which we review de novo."); *Carr v. Forbes, Inc.*, 259 F.3d 273, 278 (4th Cir. 2001) ("Whether a person has achieved the status of a limited-purpose public figure is a question of law, which we consider *de novo*.").

- 7 -

Trump University does not explain how a court might notice an article for the "information" it provides, without considering its contents. Perhaps it means to suggest that Makaeff improperly asks the Court to accept the *truth* of the articles' factual assertions. Yet the "truth" of the articles' factual assertions concerning Donald Trump and his "University" need not be assumed for them to show how Trump University has been identified with Donald Trump's public persona, and how it has placed itself at the very center of public controversies concerning the so-called University's operation. One need not assume the truth of David Lazarus's report that Donald Trump threatened him with a libel suit, or the accuracy of the Better Business Bureau's "D-" rating, for these materials to show that Trump University was the subject of public controversy of its own making. The articles show how Donald Trump and his University were presented and perceived – whether or not the presentation and perception were entirely accurate. And they demonstrate that Trump University drew itself into newsworthy public controversies – whether or not the Better Business Bureau was truly justified in awarding Trump University its "D-" rating.

Exhibit E, which references allegations that one of Trump University's contractors employed waterboarding to incentivize sales representatives pushing Trump University courses, is offered not as evidence that the contractor *in fact* employed waterboarding (though that appears in other litigation to be uncontested),

- 8 -

but to illustrate how thoroughly Trump University's President, Michael Sexton, has
failed in this case to explain who Trump University's contractors might be, what they
do, or how they portray Trump University.[11]

Neither does Makaeff ask the Court to assume the "truth" of what Donald
Trump wrote in his books. In fact, she believes that much of what his books say is
grossly misleading. In *Trump 101: The Way to Success*, for example, Donald Trump
writes that a central

> purpose of this book is to introduce you to Trump University, which
> grew out of my desire to impart the business knowledge I accumulated
> over the years and to find a practical, convenient way to teach success.
> Trump University doesn't just bear my name; I'm actively involved in it.
> I participated in creating the curricula, and my words, ideas, and image
> have been woven into the courses we provide.
>
> I'm deeply and actively involved in Trump University because I
> firmly believe in the power of education and its function as an engine of
> success. It's virtually impossible to succeed without an education. I
> want to help people, and, simply put, the Trump University students
> want to be successful. I'm on their side.

RJN Ex. U at xx. "I created Trump University because I want to impart the business
knowledge that I've accumulated over the years," Trump emphasizes, adding:

> It's my way of stressing how important I feel it is to obtain knowledge.
> At Trump University, you get information in a practical convenient
> setting that teaches success.

---

[11]    *Cf. Dawson v. Gen. Motors Corp.*, 977 F.2d 369, 373 & n.* (7th Cir. 1992)
(permitting plaintiffs to bolster argument with unsubstantiated factual illustrations).

- 9 -

RJN Ex. U at 30.

Makaeff by no means asks the Court to accept this passage's factual assertions as true. She believes, quite the contrary, that they are grossly misleading, and that Trump University was founded not to impart Donald Trump's business knowledge and ensure his students' success, but rather to separate them from their money while delivering virtually nothing of value in return. Donald Trump's books are relevant not for *the truth* of their factual assertions, but merely to show "what information was in the public realm at the time," concerning Donald Trump and his "University." *Von Saher*, 592 F.3d at 960. This Court is entitled to consider books published by Donald Trump and his "University," in connection with its independent review of whether the so-called "University" shares his status as a "public figure."

## III.  CONCLUSION

The materials submitted are judicially noticeable. Whether any of the materials submitted in connection with Makaeff's request for judicial notice may be helpful is, in the final analysis, a question properly submitted to the panel that will consider the merits of this appeal. Makaeff respectfully submits that the merits panel can, and should, grant her request for judicial notice.

DATED:  June 15, 2011                    Respectfully submitted,

                                  s/ Eric Alan Isaacson
                        ───────────────────────────────
                                ERIC ALAN ISAACSON

632059_1

ROBBINS GELLER RUDMAN
  & DOWD LLP
ERIC ALAN ISAACSON
RACHEL L. JENSEN
AMANDA M. FRAME
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ZELDES & HAEGGQUIST, LLP
AMBER L. ECK
625 Broadway, Suite 906
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Attorneys for Plaintiff-Counter-Defendant-
Appellant Tarla Makaeff

632059_1

<u>DECLARATION OF SERVICE</u>

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2.      I hereby certify that on June 15, 2011, I electronically filed the foregoing document:  **REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE}** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

3.      I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 15, 2011, at San Diego, California.

s/ Eric Alan Isaacson
_____
ERIC ALAN ISAACSON

632059_1

Service List
United States District Court for the Southern District of California, No. 10-cv-00940-IEG-WVG;
U.S. Court of Appeals for the Ninth Circuit, No. 11-55016

|  | ECF Filing Status |
|---|---|
| Amanda M. Frame<br>Robbins Geller Rudman & Dowd LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>aframe@rgrdlaw.com<br>Phone: 619/231/1058<br>619-231-7423 (fax) | Active |
| Amber Eck<br>Zeldes & Haeggquist, LLP<br>625 Broadway<br>Suite 906<br>San Diego, CA 92101<br>Ambere@zhlaw.com<br>Phone: 619/342-8000<br>619/342-7878 (fax) | Active |
| Christopher M. Burke<br>Scott & Scott LLP<br>Suite 1000<br>707 Broadway<br>San Diego, CA 92101<br>cburke@scott-scott.com<br>Phone: 619/233-4565<br>619/233-0508 (fax) | Active |
| David Keith Schneider<br>Yunker & Schneider<br>Suite 1400<br>655 W Broadway<br>San Diego, CA 92101<br>dks@yslaw.com<br>Phone: 619/233-5500<br>619/233-5535 (fax) | Active |
| Eric Alan Isaacson<br>Robbins Geller Rudman & Dowd LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>erici@rgrdlaw.com<br>Phone: 619/231/1058<br>619-231-7423 (fax) | Active |
| Jill Ann Martin<br>c/o Trump National Golf Club<br>One Ocean Trails Dr.<br>Rancho Palos Verdes, CA 90275<br>jmartin@trumpnational.com<br>Phone: 310/303-3225<br>310/265-5522 (fax) | Active |

| | |
|---|---|
| John David Blair-Loy<br>ACLU Foundation of San Diego and Imperial Counties<br>P.O. Box 87131<br>San Diego, CA 92138<br>dblairloy@aclusandiego.org<br>Phone: 619/232-2121 | Active |
| Rachel L. Jensen<br>Robbins Geller Rudman & Dowd LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>rachelj@rgrdlaw.com<br>Phone: 619/231/1058<br>619-231-7423 (fax) | Active |

592868_1