IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| TARLA MAKAEFF, on behalf of herself and all others similarly situated,<br><br>    Plaintiff-Counter-Defendant Appellant,<br><br>v.<br><br>TRUMP UNIVERSITY, LLC, a New York Limited Liability Company, AKA Trump Entrepreneur Initiative,<br><br>    Defendant-Counter-Claimant-Appellee. | No. 11-55016<br><br>U.S. District Court for the Southern District of California D.C. No. 3:10-cv-00940-IEG-WVG |

**DEFENDANT-COUNTER-CLAIMAINT-APPELLEE'S RESPONSE TO SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**

Throughout these appellate proceedings, Plaintiff-Counter-Defendant-Appellant Tarla Makaeff ("Makaeff") has made clear that she will not pass up an opportunity to smear Donald J. Trump − despite the fact that Donald J. Trump is not a party to the appeal. Makaeff's most recent smear campaign has come with her Reply brief and accompanying Supplemental Request for Judicial Notice ("Supplemental RJN"), where for a second time she improperly seeks to expand the record beyond the evidence that was before the district court. This time, Makaeff seeks judicial notice of seven articles: four articles that have nothing to do with Trump University and three articles that are irrelevant to the issue presented

on appeal − whether Trump University is a public figure − as the articles were published <u>after</u> the defamatory statements were made by Makaeff.

These seven new articles are improper for judicial notice for the same reasons the articles in Makaeff's RJN were improper, including that such articles were not considered by the district court and therefore should not be considered part of the record on appeal, *see Flick v. Liberty Mut. Fire Ins. Co.,* 205 F.3d 386, 392 n.7 (9th Cir. 2000); *Yagman v. Republic Ins. Co.,* 987 F.2d 622, 626 n.3 (9th Cir. 1993); *Kirshner v. Uniden Corp. of America,* 842 F.2d 1074, 1077 (9th Cir. 1988), and judicial notice cannot be taken with respect to the contents of publications, *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 960 (9th Cir. 2010). Makaeff cannot disguise the true purpose for which she seeks judicial notice here, as it is clear that she wants the court to review the content of the articles.[1]

Additionally, four articles for which Makaeff now seeks judicial notice blatantly have absolutely nothing to do with Trump University. Exhibit AA is an article from 2005 about Donald Trump's potential candidacy for governor of New

---

[1] For example, Makaeff requests judicial notice of three articles about a lawsuit involving Trump International Golf Club in West Palm Beach, Florida (Exhibits BB, CC, and DD), for the purpose of showing that Trump University's counsel in this appeal was identified in media reports as Donald Trump's counsel in litigation involving Trump International Golf Club. *See* App. Dkt. 35 at 11. In addition to being irrelevant to the issues on appeal, Makaeff's attempt to obtain judicial notice is clearly not for the very limited and permitted purpose of determining "what information was in the public realm at the time." *See Von Saher,* 592 F.3d at 960.

York.  Exhibits BB, CC, and DD, that do not even mention Trump University, are about litigation involving Trump International Golf Club in West Palm Beach, Florida, an entity having nothing to do with Trump University.  These four articles, the subject of which **is not** Trump University, do not support Makaeff's argument and are far from relevant to whether Trump University is a public figure.

The other three articles, Exhibits EE, FF, and GG are improper for judicial notice for the additional reason that while they may concern Trump University, they are not relevant to the issue on appeal because they were published after Makaeff made her defamatory statements.  Such evidence is not probative of whether Trump University is a public figure, as the Court must determine whether plaintiff was a public figure by evidence existing before the defamatory statements were published.  *Waldbaum v. Fairchild Publications, Inc.,* 627 F.2d 1287, 1295, n.19  (D.C. Cir. 1980), *cert. denied* 449 U.S. 898 (1980).

For the foregoing reasons, Trump University respectfully requests that the Court deny Makaeff's Supplemental Request for Judicial Notice in its entirety.

Dated:  October 5, 2011

> By:  s/Jill A. Martin
> Jill A. Martin
> c/o Trump National Golf Club
> One Ocean Trails Drive
> Rancho Palos Verdes, CA 90275
> Tel:  (310) 303-3225
> Fax:  (310) 265-5522
> Email:  jmartin@trumpnational.com

# CERTIFICATE OF SERVICE
Case No. 11-55016

I hereby certify that on October 5, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on October 5, 2011.

        s/Jill A. Martin
        Jill A. Martin

        c/o Trump National Golf Club
        One Ocean Trails Drive
        Rancho Palos Verdes, CA 90275
        Tel: (310) 303-3225
        Fax: (310) 265-5522
        Email: jmartin@trumpnational.com