No. 11-55016

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

TARLA MAKAEFF, Individually and on Behalf of All Others Similarly Situated,

Plaintiff-Counter-Defendant-Appellant,

vs.

TRUMP UNIVERSITY, LLC,

Defendant-Counter-Claimant-Appellee.

Appeal from the United States District Court
for the Southern District of California
No. 3:10-cv-00940-IEG(WVG)
The Honorable Irma E. Gonzalez

REPLY IN SUPPORT OF SUPPLEMENTAL REQUEST FOR JUDICIAL
NOTICE

ROBBINS GELLER RUDMAN
  & DOWD LLP
ERIC ALAN ISAACSON (120584)
RACHEL L. JENSEN (211456)
THOMAS R. MERRICK (177987)
AMANDA M. FRAME (253603)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ZELDES & HAEGGQUIST, LLP
AMBER L. ECK (177882)
625 Broadway, Suite 906
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Attorneys for Plaintiff-Counter-Defendant-Appellant
Tarla Makaeff

656693_1

Trump University objects that material submitted with the Supplemental Request for Judicial Notice was not a part of the record before the district court. But the law is clear: "Judicial notice may be taken at any stage of the proceeding," Fed. R. Evid. 201(f), even on appeal. *Trigueros v. Adams*, No. 08-56484, 2011 U.S. App. LEXIS 18929, at *5-*6 (9th Cir. Sept. 14, 2011); *Singh v. Ashcroft*, 393 F.3d 903, 905 (9th Cir. 2004); *Dockray v. Phelps Dodge Corp.*, 801 F.2d 1149, 1152 n.3 (9th Cir. 1986).

"'"Judicial notice may be taken at any stage of the proceeding," including on appeal, as long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority."'[1] Judicial notice here impinges upon no factfinding authority in the district court, as the appeal presents only questions of law subject to this Court's plenary *de novo* review. Nor does it work any unfairness to Trump University to acknowledge that Donald Trump has long been a player on the political stage, *see* Supp. RJN Ex. AA, to observe that media accounts do not clearly

---

[1] *United States v. Jones*, 574 F.3d 546, 551 n.2 (8th Cir. 2009) (quoting, *In re Indian Palms Assocs.*, 61 F.3d 197, 205 (3d Cir. 1995) (quoting Fed. R. Evid. 201(f))); *see also, e.g.*, *Hotel Emps. & Rest. Emps. Union Local 100 v. City of N.Y. Dep't of Parks & Recreation*, 311 F.3d 534, 540 n.1 (2d Cir. 2002); *Logan v. Denny's, Inc.*, 259 F.3d 558, 578 n.9 (6th Cir. 2001). "The normal rule that this court considers only the factual record before the district court, 'is subject to the right of an appellate court in a proper case to take judicial notice of new developments not considered by the lower court.'" *In re Am. Biomaterials Corp.*, 954 F.2d 919, 922 (3d Cir. 1992) (citations omitted).

distinguish between his public image and his business interests, *see id.*, Exs. BB, CC, DD, or to notice that the controversy that Trump University engendered, and into which Makaeff has been swept, continues even as this case proceeds. *See id.*, Exs. EE, FF, GG.

Exhibit AA documents merely that Donald Trump has long been a flamboyant figure on the political stage, whose ventures in business and education are legitimately the subject of public interest in connection with his own activity as an outstanding public figure. It is well within the Court's power to note this, and doing so works no prejudice.

The articles referencing another case involving Donald Trump and his Trump International Golf Club in West Palm Beach (Exhibits BB, CC, DD) are submitted not for the truth of any factual assertions in them, but only to show that media accounts even now do not distinguish clearly between Donald Trump and his business interests, speaking interchangeably of the same lawyer as both "his lawyer" and as the Organization's lawyer. This supports Makaeff's argument that technical distinctions between Donald Trump and his various organizational interests blur in media accounts and the public eye – making it grossly inappropriate to employ such distinctions as weapons to defeat the First Amendment protections mandated by *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), and *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974).

Finally, Exhibits EE, FF, and GG, show that Donald Trump and Trump University placed themselves at the center of public controversy concerning the character and operations of Mr. Trump's purported "University." Makaeff did not create the controversy, which predated her own speech on the subject, and which continues unabated.

Two of the articles do reference this litigation as one aspect of a much larger controversy concerning Trump University. In Exhibit EE, the *International Business Times* reports that Trump University "now faces an investigation by the New York Attorney General," and is "one of several for-profit schools in the state under investigation, prompted by dozens of complaints from former students." *Id*. "It changed its name to Trump Entrepreneur Initiative last year after the New York State Education Department said it could no longer use the term 'university' without its approval," the articles notes. *Id*. Surely, Makaeff is not responsible for such actions.

In Exhibit FF, moreover, the *Washington Post* reports that the "New York State attorney general's office is investigating whether Donald Trump's for-profit business school, the Trump Entrepreneur Initiative (formerly known as Trump University), is engaging in illegal business practices," noting that

> the school – which is known to charge up to $35,000 a course – has its share of unsatisfied alums. Last year four former students sued the company in a federal court in California, seeking class-action status. New York and Maryland also forced Trump to drop the word "university" from its title, prompting the name change. In 2010, the

> Better Business Bureau gave it a D-minus, its second lowest score, after getting 23 complaints. That has to hurt.

Supp. RJN Ex. FF at 1.

The Court need not accept the truth of factual assertions in these articles in order to evaluate whether Trump University itself, or a single former student named Tarla Makaeff, is responsible for public controversy surrounding Donald Trump's "University." Such reports confirm that Makaeff's letters to the Better Business Bureau ("BBB") and her bank, and even her lawsuit are at most subsidiary parts of a much larger public controversy essentially not of her making. Makaeff did not choose the name "Trump University," which both thrust Donald Trump's creation onto the public stage, and got it into hot water with state education officials. Makaeff is not a state official investigating the "University." And Makaeff did not award Trump University the BBB's "D-" rating.

Trump University cites *Waldbaum v. Fairchild Publ'ns*, 627 F.2d 1287, 1295 & n.19 (D.C. Cir. 1980), which states that to determine "whether a plaintiff has achieved the degree of notoriety and influence necessary to become a public figure in all contexts," a court should focus on relevant "factors as they existed before the defamation was published." "Otherwise, the press could convert a private individual into a general public figure simply by publicizing the defamation itself and creating a controversy surrounding it and, perhaps, litigation arising out of it." *Id.* at 1295 n.19.

Yet it should be clear that the public notoriety of both Donald Trump, and his University, predate Makaeff's letters to her bank and the BBB, and that the public controversy surrounding them is of their own making, not Makaeff's.

Were it otherwise, though, Exhibits FF and GG, also illustrate that Trump University has access to "self-help through press coverage of responses." *Waldbaum*, 627 F.2d at 1295. Exhibit FF quotes Donald Trump himself, speaking on his University's behalf:

> Recently, the school has suspended new classes in order to revise its curriculum. What could bring academic integrity back to "Trump U"? More of the Donald, obviously. "The one thing is that they really wanted me involved, instead of the teachers," Trump said in an interview last week.

Supp. RJN Ex. FF at 1.

And Exhibit GG includes statements from Trump University speaking on its own behalf:

> "Trump University is now Trump Entrepreneur Initiative. In a statement the Trump Initiative told CNN of the hundreds of students that took our classes in New York, 95 percent of them evaluated the course as excellent and our national average is even higher."

*Id.*, Ex. GG at 8.

The merits panel is entitled to notice the foregoing materials, if it deems them helpful. *See Trigueros*, 2011 U.S. App. LEXIS 18929, at *5-*6; *Singh*, 393 F.3d at 905; *Dockray*, 801 F.2d at 1152 n.3.

DATED: October 12, 2011         Respectfully submitted,

                                                   ROBBINS GELLER RUDMAN
                                                     &DOWD LLP
                                                   ERIC ALAN ISAACSON
                                                   RACHEL L. JENSEN
                                                   THOMAS R. MERRICK
                                                   AMANDA M. FRAME

                                                      s/ Eric Alan Isaacson
                                                     ERIC ALAN ISAACSON

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ZELDES & HAEGGQUIST, LLP
AMBER L. ECK
625 Broadway, Suite 906
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Attorneys for Plaintiff-Counter-Defendant-Appellant Tarla Makaeff

# DECLARATION OF SERVICE

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2. I hereby certify that on October 12, 2011, I electronically filed the foregoing document: **REPLY IN SUPPORT OF SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE** with the Clerk of the Court for the United States Court of Appeals for the Ninty Circuit by using the appellate CM/ECF system.

3. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 12, 2011, at San Diego, California.

                                                              s/ Tamara McSweeny
                                                             TAMARA McSWEENY

Service List
United States District Court for the Southern District of California, No. 10-cv-00940-IEG-WVG;
U.S. Court of Appeals for the Ninth Circuit, No. 11-55016

|  | ECF Filing Status |
|---|---|
| Amanda M. Frame<br>Robbins Geller Rudman & Dowd LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>aframe@rgrdlaw.com<br>Phone: 619/231/1058<br>619-231-7423 (fax) | Active |
| Amber Eck<br>Zeldes & Haeggquist, LLP<br>625 Broadway<br>Suite 906<br>San Diego, CA 92101<br>Ambere@zhlaw.com<br>Phone: 619/342-8000<br>619/342-7878 (fax) | Active |
| Christopher M. Burke<br>Scott & Scott LLP<br>Suite 1000<br>707 Broadway<br>San Diego, CA 92101<br>cburke@scott-scott.com<br>Phone: 619/233-4565<br>619/233-0508 (fax) | Active |
| David Keith Schneider<br>Yunker & Schneider<br>Suite 1400<br>655 W Broadway<br>San Diego, CA 92101<br>dks@yslaw.com<br>Phone: 619/233-5500<br>619/233-5535 (fax) | Active |
| Eric Alan Isaacson<br>Robbins Geller Rudman & Dowd LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>erici@rgrdlaw.com<br>Phone: 619/231/1058<br>619-231-7423 (fax) | Active |
| Jill Ann Martin<br>c/o Trump National Golf Club<br>One Ocean Trails Dr.<br>Rancho Palos Verdes, CA 90275<br>jmartin@trumpnational.com<br>Phone: 310/303-3225<br>310/265-5522 (fax) | Active |

- 2 -

| | |
|---|---|
| John David Blair-Loy<br>ACLU Foundation of San Diego and Imperial Counties<br>P.O. Box 87131<br>San Diego, CA 92138<br>dblairloy@aclusandiego.org<br>Phone: 619/232-2121 | Active |
| Rachel L. Jensen<br>Robbins Geller Rudman & Dowd LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>rachelj@rgrdlaw.com<br>Phone: 619/231/1058<br>619-231-7423 (fax) | Active |