No. 11-55016

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

TARLA MAKAEFF, Individually and on Behalf of All Others Similarly Situated,

Plaintiff-Counter-Defendant-Appellant,

vs.

TRUMP UNIVERSITY, LLC,

Defendant-Counter-Claimant-Appellee.

Appeal from the United States District Court
for the Southern District of California
No. 3:10-cv-00940-IEG(WVG)
The Honorable Irma E. Gonzalez

UNOPPOSED MOTION FOR 21-DAY EXTENSION OF TIME TO FILE
TARLA MAKAEFF'S RESPONSE TO TRUMP UNIVERSITY'S PETITION
FOR EN BANC REHEARING

| | |
|---|---|
| ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>ERIC ALAN ISAACSON (120584)<br>RACHEL L. JENSEN (211456)<br>THOMAS R. MERRICK (177987)<br>AMANDA M. FRAME (253603)<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058<br>619/231-7423 (fax) | ZELDES HAEGGQUIST & ECK, LLP<br>AMBER L. ECK (177882)<br>625 Broadway, Suite 1000<br>San Diego, CA  92101<br>Telephone:  619/342-8000<br>619/342-7878 (fax) |

Attorneys for Plaintiff-Counter-Defendant-Appellant
Tarla Makaeff

839720_1

Pursuant to Federal Rules of Appellate Procedure 26(b) and 40(a)(3), plaintiff-counter-defendant-appellant Tarla Makaeff respectfully moves for a 21-day extension of time in which to file her response to Trump University's Petition for Rehearing En Banc. This Court's May 2, 2013, order directing Makaeff within 21 days to file a response to Trump University's petition makes the current due date for filing her response May 23, 2013. No prior extension of time to file the response has been sought or granted. This motion for a 21-day extension, if granted, would extend the time for filing Makaeff's response to June 13, 2013.

The good cause for granting this motion is fully stated in the attached declaration of Eric Alan Isaacson. As set forth therein, Makaeff's primary appellate counsel requires additional time to thoroughly review and address the important and novel issues raised by Trump University, while also satisfying his professional responsibilities in two other pending appeals: *Boca Raton Firefighters' and Police Pension Fund v. DeVry, Inc.*, No. 13-1894 (7th Cir.), for which he must prepare for a May 28, 2013, mediation conference, and *Kuriakose v. Federal Home Loan Mortgage Co.*, No. 12-4353 (2d Cir.), in which a reply brief responding to multiple answering briefs also is due on May 28, 2013.

839720_1

Counsel for defendant-counter-claimant-appellee was informed of this motion by a voicemail left for Jill A. Martin on May 8, 2013, to which she promptly responded with a voicemail telling Makaeff's appellate counsel that Trump University will not oppose this request for an extension.

Makaeff and her counsel will continue to exercise diligence in this matter, and will file the response within the time requested.

DATED: May 10, 2013                     Respectfully submitted,

                                            ROBBINS GELLER RUDMAN
                                               & DOWD LLP
ERIC ALAN ISAACSON
RACHEL L. JENSEN
THOMAS R. MERRICK
AMANDA M. FRAME

                                                 s/ ERIC ALAN ISAACSON
                                                   ERIC ALAN ISAACSON

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK
625 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Attorneys for Plaintiff-Counter-Defendant-Appellant Tarla Makaeff

839720_1

## DECLARATION OF ERIC ALAN ISAACSON

I, ERIC ALAN ISAACSON, declare and state as follows:

1. I am a member of the Bar of the State of California, and of this Court, and am a member of the law firm of Robbins Geller Rudman & Dowd LLP. I also am the lawyer primarily responsible for briefing and arguing the merits of this appeal, on behalf of Tarla Makaeff, and will be responsible for drafting and filing Makaeff's response to Trump University's Petition for Rehearing En Banc.

2. After this Court issued its April 17, 2013, decision in this matter, Trump University timely filed a Petition for Rehearing En Banc on April 30, 2013.

3. On May 2, 2013, this Court entered an order directing Makaeff to file a response to Trump University's Petition for Rehearing En Banc, specifying that the response "shall be filed within 21 days of the date of this order." *Makaeff v. Trump University*, No. 11-55016, order (9th Cir. May 2, 2013) (Docket entry 62).

4. Makaeff's response to the Petition for Rehearing En Banc thus is due on May 23, 2013.

5. Makaeff now respectfully requests a 21-day extension of the response's due date from May 23, 2013, to June 13, 2013. No extension of time to file the response has previously been requested or granted.

6. The reasons supporting Makaeff's request are as follows:

839720_1

7. Although I am the attorney primarily responsible for briefing and arguing this appeal on behalf of Ms. Makaeff, I have had no occasion to familiarize myself with potential *Erie*-doctrine implications of California's anti-SLAPP statute that are raised by the Petition for Rehearing En Banc and its assertion that longstanding Ninth Circuit precedents such as *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir. 1999), and *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003), were wrongly decided and should be overruled. I had understood those controlling precedents to be settled law.

8. In light of the concurring opinions filed by Chief Judge Kozinski and by Judge Paez, both asserting that *Newsham* is wrong should be revisited, it is apparent that Trump University's Petition for Rehearing En Banc, and the *Erie*-doctrine issues that it raises, must be taken very seriously. Trump University's petition clearly warrants a very well-researched and thoughtful response.

9. I thus have begun reviewing the Supreme Court's extensive *Erie*-doctrine jurisprudence. I also am reviewing the precedential authority and the legislative record concerning the California Legislature's determination that, under certain circumstances, those who speak on matters of public concern may demand the termination of certain actions against them. I have been consulting with other litigators more experienced than I am with anti-SLAPP litigation, and will continue to do so.

839720_1

10. However, my ability to do the work necessary to file an adequate response by May 23, 2013, has been hampered by pressing responsibilities in two other matters.

11. I lately have had to focus my attention on *Boca Raton Firefighters' and Police Pension Fund v. DeVry, Inc.*, No. 13-1894, a proceeding in the Seventh Circuit Court of Appeals, whose local rules made my clients' opening brief due just 40 days after the Notice of Appeal is filed and docketed. *See* 7th Cir. Rule 31(a). With the notice of appeal filed by trial-court counsel on April 26, 2013, and the appeal docketed that same day, the Seventh Circuit set the opening brief's due date for June 5, 2013. *Boca Raton Firefighters' and Police Pension Fund*, No. 13-1894, Notice of Case Opening (7th Cir. April 26, 2013) (7th Cir. Docket entry No. 1-2, setting due date as "06/05/2013" for Appellants' Brief).

12. Although I am the counsel of record responsible for briefing the Seventh Circuit appeal, I was not involved in the district-court proceedings in that case. I thus have had to immerse myself in the case, devoting my time to familiarizing myself both with the district-court record and with the several issues for appeal.

13. On May 3, 2013, that case was ordered to mediation under Seventh Circuit Rule 33, with a two-hour mediation conference set for May 28, 2013. The opening brief's due date was sua sponte postponed to June 28, 2013, in order to accommodate the May 28, 2013, mediation, at which I will be required – after

839720_1

consultations with my clients – to discuss the case in detail, including the factual and procedural record, issues presented, and prospects for settlement. Because I was not counsel in the district-court proceedings, I must continue to familiarize myself with the district-court record and issues on appeal in order to adequately represent my clients in the May 28, 2013, mediation proceeding.

14. The notice of the Seventh Circuit's May 28, 2013, Rule 33 mediation conference specifies: "The conference is expected to take place at the scheduled date and time. It will not be rescheduled unless an indispensable participant has an immovable preexisting commitment of such importance that his or her attendance is impossible." *Boca Raton Firefighters' and Police Pension Fund*, No. 13-1984 (7th Cir. Docket entry 3).

15. In addition, I must help to prepare a reply brief for filing in a Second Circuit appeal, *Kuriakose v. Federal Home Loan Mortgage Co.*, No. 12-4353, which is due on May 28, 2013, the same day as my Seventh Circuit mediation conference. One of several appellees, the Federal Home Loan Mortgage Co., obtained leave of court to exceed the usual length limitations, in its answering brief. *See Kuriakose*, No. 12-4353, order (2d Cir. May 6, 2013) (2d Cir. Docket entry 104, granting Appellee Federal Home Loan Mortgage Co.'s request for leave to file a 21,000-word brief), and other appellees in the unusually complex proceeding are expected to file their own separate briefs.

839720_1

16. In my experience, extensions of time are quite difficult to obtain in the Second Circuit – far more difficult than in the Ninth Circuit. Indeed, Second Circuit Rule 27.1(f)(1) specifies:

> **(1) Extraordinary Circumstances Required.** Absent an extraordinary circumstance, such as serious personal illness or death in counsel's immediate family, the court will not grant a motion to extend the time to file a brief. A deadline for a brief remains in effect unless the court orders otherwise.

2d Cir. Rule 27.1(f)(1). Both on information and belief, and from my own firsthand experience, I have concluded that extensions which would be routinely granted by the Ninth Circuit, are routinely denied by the Second Circuit. I cannot assume that the Second Circuit would grant an extension of time for my clients' reply brief.

17. My schedule also is somewhat complicated by the fact two of my three children have birthdays in early May (and the third in early June), as well as by the fact that my wife's service on certain non-profit organizations' boards of trustees has been requiring her to spend considerable time out of town, with me necessarily attending to the parenting needs of our minor son.

18. Appellee's counsel was notified of this motion by a telephonic voicemail that I left for Jill A. Martin on May 8, 2013. She promptly responded by leaving me a voicemail on the same day in which she stated that Trump University will not object to this request.

839720_1

19. I will exercise diligence to ensure that Ms. Makaeff's response will be filed within the additional time requested.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. If called as a witness, I could and would competently testify thereto. Executed this 10th day of May, 2013, at San Diego, California.



               s/ ERIC ALAN ISAACSON
               ERIC ALAN ISAACSON

839720_1

9th Circuit Case Number(s) [ ]

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*************************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) [ ].

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) [ ]

*************************************************************************

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) [ ].

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

[ ]

Signature (use "s/" format) [ ]