No. 11-55016

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

TARLA MAKAEFF, Individually and on Behalf of All Others Similarly Situated,

Plaintiff-Counter-Defendant-Appellant,

vs.

TRUMP UNIVERSITY, LLC,

Defendant-Counter-Claimant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of California
No. 3:10-cv-00940-IEG(WVG)
The Honorable Irma E. Gonzalez

TARLA MAKAEFF'S OPPOSITION TO TRUMP UNIVERSITY'S PETITION
FOR REHEARING EN BANC

ROBBINS GELLER RUDMAN
 & DOWD LLP
ERIC ALAN ISAACSON (120584)
RACHEL L. JENSEN (211456)
THOMAS R. MERRICK (177987)
AMANDA M. FRAME (253603)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
HELEN I. ZELDES (220051)
625 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Attorneys for Plaintiff-Counter-Defendant-Appellant
Tarla Makaeff

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................1

II.    ARGUMENT..........................................................................4

       A.    California's Anti-SLAPP Statute Is Substantive Under *Erie* and *Cohen*................................................................4

           1.    California's Anti-SLAPP Statute Confers a Substantive Special Immunity from Suit.........................................5

           2.    State-Law Conditions on the Right to Litigate Are Substantive Under *Erie* and *Cohen*.............................7

           3.    That §425.16 Appears in California's Code of Civil Procedure Does Not Change Its Substantive Character Under *Erie* and *Cohen* .........................................11

       B.    This Case Presents No Conflict with the Federal Rules ....................13

       C.    *Cohen's* Collateral-Order Doctrine Confers Jurisdiction...................17

III.    CONCLUSION......................................................................19

843809_1

# TABLE OF AUTHORITIES

**Page**

## CASES

*Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*,
709 F.3d 872 (9th Cir. 2013) ................................................................10

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*,
421 U.S. 240 (1975).....................................................................9, 16

*Anderson v. Liberty Lobby Inc.*,
477 U.S. 242 (1986).........................................................................15

*Batzel v. Smith*,
333 F.3d 1018 (9th Cir. 2003) .............................................3, 4, 6, 18

*Breeland v. Hide-A-Way Lake, Inc.*,
585 F.2d 716 (5th Cir. 1978) ...........................................................15

*Brown v. Grabowski*,
922 F.2d 1097 (3d Cir. 1990) .........................................................18

*California Sansome Co. v. U.S. Gypsum*,
55 F.3d 1402 (9th Cir. 1995) ...........................................................15

*Carnes v. Zamani*,
488 F.3d 1057 (9th Cir. 2007) .........................................................16

*Chambers v. NASCO*,
501 U.S. 32 (1991).........................................................................16

*Cohen v. Beneficial Indus. Loan Corp.*,
337 U.S. 541 (1949)...................................................................*passim*

*DC Comics v. Pac. Pictures Corp.*,
706 F.3d 1009 (9th Cir. 2013) ............................................3, 4, 6, 18

*Digital Equip. Corp. v. Desktop Direct*,
511 U.S. 863 (1994)...........................................................................6

843809_1

**Page**

*Edelson v. Soricelli*,
   610 F.2d 131 (3d Cir. 1979) .............................................................9

*Erie R.R. Co. v. Tompkins*,
   304 U.S. 64 (1938)...............................................................*passim*

*Gasperini v. Center for Humanities*,
   518 U.S. 415 (1996).................................................................3, 10

*Godin v. Schencks*,
   629 F.3d 79 (1st Cir. 2010)...............................................*passim*

*Gonzales Turul v. Rogatol Distrib., Inc.*,
   951 F.2d 1 (1st Cir. 1991).................................................................9

*Grant v. McAuliffe*,
   264 P.2d 944 (Cal. 1953) .................................................................12

*Gray-Hopkins v. Prince George's County*,
   309 F.3d 224 (4th Cir. 2002) ...........................................................7

*Guaranty Trust Co. v. York*,
   326 U.S. 99 (1945).............................................................................12

*Hanna v. Plumer*,
   380 U.S. 460 (1965)...........................................................................10

*Henry v. Lake Charles Am. Press LLC*,
   566 F.3d 164 (5th Cir. 2009) ...........................................................5

*Hilton v. Hallmark Cards*,
   599 F.3d 894 (9th Cir. 2010) .......................................................3, 5

*Kamen v. Kemper Fin. Servs.*,
   500 U.S. 90 (1991)...............................................................................9

*Klopfenstein v. Pargeter*,
   597 F.2d 150 (9th Cir. 1979) .........................................................10

**Page**

*Lackner v. La Croix*,
   602 P.2d 393 (Cal. 1979) ...................................................................12

*Liberal v. Estrada*,
   632 F.3d 1064 (9th Cir. 2011) ................................................6, 17, 18

*Liberty Synergistics Inc. v. Microflo Ltd.*,
   No. 12-108-cv, 2013 WL 2361042
   (2d Cir. May 31, 2013) ...................................................................5, 6

*Mangold v. CPUC*,
   67 F.3d 1470 (9th Cir. 1995) ............................................................10

*McCann v. Foster Wheeler LLC*,
   225 P.3d 516 (Cal. 2010) ..................................................................12

*Meisner v. Reliance Steel & Aluminum*,
   273 F.2d 49 (9th Cir. 1959) ................................................................9

*Metabolife Int'l v. Wornick*,
   264 F.3d 832 (9th Cir. 2001) ................................................4, 15, 16

*Mindys Cosmetics, Inc. v. Dakar*,
   611 F.3d 590 (9th Cir. 2010) ..............................................................5

*Northon v. Rule*,
   637 F.3d 937 (9th Cir. 2011) ............................................................10

*Palmer v. Hoffman*,
   318 U.S. 109 (1943) ...........................................................................15

*Post v. St. Paul Travelers Ins. Co.*,
   691 F.3d 500 (3d Cir. 2012) .............................................................15

*Price v. Stossel*,
   620 F.3d 992 (9th Cir. 2010) ..............................................................5

*Ragan v. Merchants Transfer & Warehouse Co.*,
   337 U.S. 530 (1949) ...........................................................................13

**Page**

*Riordan v. State Farm Mut. Auto. Ins. Co.*,
    589 F.3d 999 (9th Cir. 2009) ............................................................16

*Roberts v. McAfee, Inc.*,
    660 F.3d 1156 (9th Cir. 2011) ............................................................5

*Sorey v. Kellett*,
    849 F.2d 960 (5th Cir. 1988) ............................................................7

*Sun Oil v. Wortman*,
    486 U.S. 717 (1988) ............................................................12

*Thomas v. Fry's Elecs., Inc.*,
    400 F.3d 1206 (9th Cir. 2005) ............................................................5

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
    190 F.3d 963 (9th Cir. 1999) ....................................................*passim*

*Varian Med. Sys., Inc. v. Delfino*,
    106 P.3d 958 (Cal. 2005) ............................................................6

*Vess v. Ciba-Geigy Corp., USA*,
    317 F.3d 1097 (9th Cir. 2003) ............................................................5

*Walker v. Armco Steel Corp.*,
    446 U.S. 740 (1980) ............................................................10, 13, 14

*Woods v. Interstate Realty Co.*,
    337 U.S. 535 (1949) ............................................................7

843809_1

**Page**

## STATUTES, RULES AND REGULATIONS

California Code of Civil Procedure
    §§312-366.2 ...........................................................................................11
    §425.6............................................................................................................1
    §425.16..................................................................................................*passim*
    §425.16(a) ...................................................................................................2
    §425.16(b) .............................................................................................14, 15
    §425.16(b)(1) ...........................................................................................2, 8
    §425.16(c) ...............................................................................................*passim*
    §425.16(g) .................................................................................................15
    §425.16(j)............................................................................................3, 6, 18

Federal Rules of Civil Procedure
    Rule 3 ........................................................................................................12
    Rule 8 .................................................................................................13, 14
    Rule 11 ......................................................................................................16
    Rule 12 ...............................................................................................13, 14
    Rule 12(b)(6).............................................................................................14
    Rule 23.1 ....................................................................................................9
    Rule 54 ......................................................................................................16
    Rule 54(d) .................................................................................................16
    Rule 54(d)(2)............................................................................................17
    Rule 54(d)(2)(A).......................................................................................17
    Rule 56 ..........................................................................................4, 14, 15
    Rule 56(f) ..........................................................................................4, 15

## SECONDARY AUTHORITIES

Thomas R. Burke, *Anti-SLAPP Litigation* (The Rutter Group 2013)
    §1:1.............................................................................................................2

## I.    INTRODUCTION

When Tarla Makaeff filed a class-action complaint alleging that Donald Trump's "Trump University" does not deliver on promises to students, the "University" responded with a million-dollar counterclaim asserting that Makaeff defamed it in communications addressed to the Better Business Bureau, her bank, and others. Recognizing the counterclaim as a "Strategic Litigation Against Public Participation" or "SLAPP suit," Makaeff moved to strike it under California's anti-SLAPP statute, codified in California Code of Civil Procedure ("CCCP") §425.6. When the district court denied her motion, Makaeff filed an interlocutory appeal, securing a reversal.

Citing the concurring opinions of Chief Judge Kozinski and Judge Paez, Trump University now contends settled precedents must be overturned as wrongly decided if California's anti-SLAPP statute can be recharacterized as purely "procedural" under the *Erie* doctrine. Under *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), however, policy-based state-law conditions on the right to litigate are substantive for *Erie*-doctrine purposes. Every circuit to consider the issue, including this Court, has soundly concluded anti-SLAPP statutes like California's involve substantive law, and this Court should decline Trump University's invitation to create precedential conflict where none exists.

- 1 -

California's anti-SLAPP statute is firmly grounded in substantive legislative policy – of promoting civic engagement by protecting Californians from unwarranted claims too often asserted against citizens who speak on matters of public concern.[1] The statute does so by closing California's courthouse doors to plaintiffs who cannot make a preliminary showing that claims targeting acts of free speech and civic participation have probable merit – making such claims "subject to a special motion to strike unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." CCCP §425.16(b)(1). The statute gives SLAPP-suit defendants, such as Makaeff, a further substantive right by providing that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." CCCP §425.16(c). And because immunity from litigation itself is the statute's substantive aim, orders denying anti-

---

[1]     The statute itself states:

> The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. . . .

CCCP §425.16(a); *see generally* Thomas R. Burke, *Anti-SLAPP Litigation* §1:1 (TRG 2013).

SLAPP motions are immediately appealable. CCCP §425.16(j); *see DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1013-14, 1015-16 (9th Cir. 2013); *Batzel v. Smith*, 333 F.3d 1018, 1025 (9th Cir. 2003).

Trump University hopes to dub these "procedural" rather than "substantive" provisions under the "*Erie* doctrine [that] federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities*, 518 U.S. 415, 427 (1996). But Ninth Circuit law is well settled: "Applying the familiar framework of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), and its progeny, we have long held that the anti-SLAPP statute applies to state law claims that federal courts hear pursuant to their diversity jurisdiction." *Hilton v. Hallmark Cards*, 599 F.3d 894, 900 n.2 (9th Cir. 2010) (citing *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970-73 (9th Cir. 1999)). And *Cohen* – which involved a state law designed to discourage meritless "strike suits" by requiring dismissal of shareholder-derivative claims unless plaintiffs post a bond covering defendants' likely attorneys' fees – squarely holds that such state-law qualifications of the right to litigate certain claims are substantive under *Erie*. *Cohen*, 337 U.S. at 543, 547-57.

California's anti-SLAPP statute imposes an analogous condition on the right to assert a specific class of claims – those targeting acts of civic participation and expression on matters of public concern – by requiring plaintiffs asserting such claims

- 3 -

843809_1

to make a preliminary showing of probable merit, and subjecting them to liability for attorneys' fees should they fail. Such policy-based conditions on the right to litigate clearly are substantive under *Cohen*. *See infra* at 4-13.

Neither is there sound basis for Trump University's assertions – never before advanced by it in this case – that §425.16 conflicts with the controlling directives of the Federal Rules of Civil Procedure. *See Newsham*, 190 F.3d at 972-73; *Godin v. Schencks*, 629 F.3d 79, 87-91 (1st Cir. 2010). Any arguable conflict with Rule 56 was resolved by this Court's holding in *Metabolife Int'l v. Wornick*, 264 F.3d 832, 845-46 (9th Cir. 2001), that plaintiffs may obtain discovery under Rule 56(f) before responding to an anti-SLAPP motion. Here, Trump University opted ***not*** to seek discovery under *Metabolife*. *See infra* at 13-17.

Finally, Trump University offers no sound basis for revisiting application of *Cohen*'s collateral-order doctrine holding in *DC Comics*, 706 F.3d at 1014-16, and *Batzel*, 333 F.3d at 1024-26. *See infra* at 17-19.

The Petition for Rehearing En Banc should be denied.

## II.   ARGUMENT

### A.   California's Anti-SLAPP Statute Is Substantive Under *Erie* and *Cohen*

Trump University asks this Court to create conflict where none exists. For though it says en banc rehearing is needed to resolve "intracircuit and intercircuit

843809_1

conflict," Pet. at 2, in truth, every circuit to consider the issue has held that anti-SLAPP statutes like California's CCCP §425.16 confer substantive rights under *Erie*.

This Court first did so in *Newsham*, whose rationale it has repeatedly reaffirmed.[2] The Fifth Circuit followed suit in *Henry v. Lake Charles Am. Press LLC*, 566 F.3d 164, 168-69, 174-75 (5th Cir. 2009), analyzing Louisiana's anti-SLAPP statute as a substantive "immunity from suit." The First Circuit did so in *Godin*, 629 F.3d at 85-92, applying Maine's anti-SLAPP law. Most recently, the Second Circuit held in *Liberty Synergistics Inc. v. Microflo Ltd.*, No. 12-108-cv, 2013 WL 2361042 (2d Cir. May 31, 2013), that California's anti-SLAPP law is substantive. Those decisions are sound. California's anti-SLAPP law provides a right to immunity from exposure to litigation, and a right to attorneys' fees, that are substantive under *Erie* and *Cohen*.

### 1. California's Anti-SLAPP Statute Confers a Substantive Special Immunity from Suit

California's anti-SLAPP statute provides what amounts to a substantive immunity from suit: "Indeed, '[t]he point of the anti-SLAPP statute is that you have a

---

[2]     *Hilton*, 599 F.3d at 900-12; *see also, e.g.*, *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1163 (9th Cir. 2011); *Price v. Stossel*, 620 F.3d 992, 999 (9th Cir. 2010); *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010); *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1109 (9th Cir. 2003); *Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1209 (9th Cir. 2005).

right ***not*** to be dragged through the courts because you exercised your constitutional rights.'" *Varian Med. Sys., Inc. v. Delfino*, 106 P.3d 958, 967 (Cal. 2005) (court's emphasis; citation omitted). That is why §425.16(j) mandates that orders denying anti-SLAPP motions be immediately appealable: "'The protections afforded by the anti-SLAPP statute against the harassment and burdens of litigation are in large measure lost if the petitioner is forced to litigate a case to its conclusion before obtaining a definitive judgment through the appellate process.'" *Id.* (citation omitted).

This Court accordingly holds the rights conferred by California's anti-SLAPP statute "are in the nature of immunity: They protect the defendant from the burdens of trial, not merely from ultimate judgments of liability." *Batzel*, 333 F.3d at 1025. "Because California law recognizes the protection of the anti-SLAPP statute as a substantive immunity from suit, this Court, sitting in diversity, will do so as well." *Id.* at 1025-26. "California's anti-SLAPP statute functions as an immunity from suit and not merely as a defense against liability." *DC Comics*, 706 F.3d at 1015; *see also Liberty Synergistics*, 2013 WL 2361042, at *50.

"When a policy is embodied in a constitutional or statutory provision entitling a party to immunity from suit (a rare form of protection), there is little room for the judiciary to gainsay its 'importance.'" *Digital Equip. Corp. v. Desktop Direct*, 511 U.S. 863, 879 (1994); *see DC Comics*, 706 F.3d at 1015. Such a qualified immunity is "substantive" under *Erie*. *See Liberal v. Estrada*, 632 F.3d 1064, 1074-75 (9th Cir.

2011); *see also, e.g.*, *Sorey v. Kellett*, 849 F.2d 960, 963 (5th Cir. 1988); *Gray-Hopkins v. Prince George's County*, 309 F.3d 224, 231-33 (4th Cir. 2002).

### 2. State-Law Conditions on the Right to Litigate Are Substantive Under *Erie* and *Cohen*

Even more fundamentally, Trump University's petition overlooks the fact that *Erie*-doctrine precedents have long held that state-law conditions on the right to litigate, when grounded in substantial public policies, shall control federal proceedings in diversity.

*Woods v. Interstate Realty Co.*, 337 U.S. 535 (1949), for example, required federal courts sitting in diversity to apply a state statute barring judicial proceedings by corporations that cannot first show they are qualified to do business in the state. For "the policy of *Erie* . . . preclude[s] maintenance in the federal court in diversity cases of suits to which the State has closed its courts." *Id*. at 537. And although Trump University cites *Cohen* once, it never acknowledges *Cohen*'s central holding: that federal courts sitting in diversity must apply a state statute conditioning the plaintiff's right to assert a specific class of claims – shareholder-derivative claims – upon first posting a bond to cover defendants' likely attorneys' fees. *Cohen*, 337 U.S. at 543, 555-56; *see Godin*, 629 F.3d at 84 n.7.

In *Cohen*, the New Jersey statute requiring the bond as a condition for prosecuting shareholder-derivative claims was designed to discourage vexatious litigation and extricate corporations from meritless "strike suits," *Cohen*, 337 U.S. at

- 7 -

543, 547-49, much as California's anti-SLAPP statute seeks to protect citizens from unwarranted litigation targeting public expression and civic participation. "A state may set the terms on which it will permit litigations in its courts," *Cohen* holds, underscoring that "it is within the power of a state to close its courts to this type of litigation if the condition of reasonable security is not met." *Id*. at 552.

It is similarly within a state's power to condition suits targeting speech on matters of public concern upon a preliminary showing of "a probability that the plaintiff will prevail on the claim," CCCP §425.16(b)(1), shifting to unsuccessful plaintiffs the defendants' litigation costs and attorney's fees. CCCP §425.16(c). Here, as in *Cohen*, "[t]he only substantial argument" against applying a state statute conditioning access to judicial process and imposing liability for attorneys' fees "is that its provisions are mere rules of procedure rather than rules of substantive law." *Cohen*, 337 U.S. at 555.

But *Cohen* squarely holds such a statute "is not merely a regulation of procedure." *Id*. For the statute both raises a policy-based conditional bar to litigation, and "creates a new liability where none existed before" by making a plaintiff liable for attorneys' fees "if he does not make good his claims." *Id*. "We do not think a statute which so conditions the stockholder's action can be disregarded by the federal court as a mere procedural device." *Id*. at 556.

- 8 -

Policy-based conditions on the right to litigate are, simply put, substantive rules of decision. Favorably citing *Cohen*'s holding that a "state security-for-costs statute limits [a] shareholder's 'substantive' right to maintain a derivative action," the Supreme Court in *Kamen v. Kemper Fin. Servs.*, 500 U.S. 90 (1991), flatly rejected contentions that the derivative-suit demand requirement recognized in Rule of Civil Procedure 23.1 is governed by a uniform federal standard. *Id.* at 97, 100 n.6; *see Gonzales Turul v. Rogatol Distrib., Inc.*, 951 F.2d 1, 2 & n.3 (1st Cir. 1991). Under *Erie*, a state's law closing its courts to malpractice claims until plaintiffs show that arbitration proceedings were completed is similarly substantive. *Edelson v. Soricelli*, 610 F.2d 131, 133-35 (3d Cir. 1979). So is a requirement that a business-opportunity broker obtain a license before suing to collect fees. *Meisner v. Reliance Steel & Aluminum*, 273 F.2d 49, 50 (9th Cir. 1959).

The anti-SLAPP statute creates a substantive right, moreover, by providing "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." CCCP §425.16(c). *Cohen* deems attorneys' fees a substantive right under *Erie*, and subsequent decisions confirm that "'where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'" *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975) (citation omitted). "State laws

- 9 -

awarding attorneys' fees are generally considered to be substantive laws under *Erie* doctrine and apply to actions pending in federal district court when the fee award is 'connected to the substance of the case.'" *Northon v. Rule*, 637 F.3d 937, 938 (9th Cir. 2011) (citation omitted; holding that Oregon's anti-SLAPP statute's fees provision applies in federal proceedings). Countless Ninth Circuit decisions hold that state-law rights to attorneys' fees are substantive under *Erie*.[3]

Many decisions focus on *Erie*'s rationale, by holding that ostensibly procedural provisions are "substantive" under *Erie* if failure to apply state law would produce forum shopping or inequitable administration of justice. *See Gasperini*, 518 U.S. at 428 & n.8 (citing *Hanna v. Plumer*, 380 U.S. 460, 468 (1965)); *Walker v. Armco Steel Corp.*, 446 U.S. 740, 747 (1980) (same). "Plainly," this Court held in *Newsham*, if California's "anti-SLAPP provisions are held not to apply in federal court, a litigant interested in bringing meritless SLAPP claims would have a significant incentive to shop for a federal forum," where defendants "otherwise entitled to the protections of the Anti-SLAPP statute would find considerable disadvantage." *Newsham*, 190 F.3d at 973. Thus, "the twin purposes of the *Erie* rule – 'discouragement of forum-shopping and avoidance of inequitable administration of the law' – favor application

---

[3]     *See, e.g.*, *Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*, 709 F.3d 872, 886 (9th Cir. 2013); *Mangold v. CPUC*, 67 F.3d 1470, 1478-79 (9th Cir. 1995); *Klopfenstein v. Pargeter*, 597 F.2d 150, 152 (9th Cir. 1979).

- 10 -

of California's Anti-SLAPP statute in federal cases." *Id.* (citations omitted); *see also Godin*, 629 F.3d at 86. Suggestions that *Newsham* never considered whether §425.16 is "substantive" rather than "procedural" overlook this analysis.

There is no pressing need to reconsider long-settled precedents holding that state-law conditions on the right to assert a claim are substantive under *Erie*.

### 3. That §425.16 Appears in California's Code of Civil Procedure Does Not Change Its Substantive Character Under *Erie* and *Cohen*

Trump University objects that California codified its anti-SLAPP immunity and fee-shifting provisions in its Code of Civil Procedure, and that California decisions describe the anti-SLAPP statute as affording a "procedural" remedy. Yet other bars to litigation that the common law, statutory law, and state-court precedents have all called "procedural" remain "substantive" under *Erie*. "Rules which lawyers call procedural do not always exhaust their effect by regulating procedure." *Cohen*, 337 U.S. at 555.

California also codifies statutes of limitations in its Code of Civil Procedure. *See* CCCP §§312-366.2. Each imposes a "limitation *of actions*," *i.e.*, of judicial proceedings, with California precedents emphasizing that "[t]ermination of an action by a statute of limitations defense must be deemed a technical or procedural as

- 11 -

distinguished from a substantive termination."[4]  The common law similarly deems statutes of limitations purely procedural limitations on local judicial proceedings.[5] And our Constitution's framers surely "did not regard statutes of limitations as substantive provisions . . . but rather as procedural restrictions fashioned by each jurisdiction for its own courts."[6]

Yet state-law limitations provisions are sufficiently "substantive" to control federal proceedings under *Erie*, it being utterly "immaterial whether statutes of limitation are characterized either as 'substantive' or 'procedural' in State court opinions." *Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1945).  "Plainly enough, a statute that would completely bar recovery in a suit if brought in a State court bears on a State-created right vitally and not merely formally or negligibly."  *Id*. at 110.

And though Federal Rule of Civil Procedure 3 says "[a] civil action is commenced by filing a complaint with the court," state laws nonetheless control for

--------

[4]    *Lackner v. La Croix*, 602 P.2d 393, 395 (Cal. 1979); *see also Grant v. McAuliffe*, 264 P.2d 944, 948 (Cal. 1953) ("statutes of limitation . . . are procedural for conflict of law purposes and are governed by the domestic law of the forum").

[5]    *See Sun Oil v. Wortman*, 486 U.S. 717, 724-28 (1988); *McCann v. Foster Wheeler LLC*, 225 P.3d 516, 525 (Cal. 2010) ("common law decisions characterized statutes of limitations as procedural rather than substantive").

[6]    *Sun Oil*, 486 U.S. at 726.

determining a suit's timeliness when they require actual service of a summons before an action may be deemed timely commenced within the controlling state-law limitations period. *Walker*, 446 U.S. at 741, 751-53; *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 533 (1949). Though formally "procedural," such a statute nonetheless "is a statement of a substantive decision by that State that actual service on, and accordingly actual notice by, the defendant is an integral part of the several policies served by the statute of limitations." *Walker*, 446 U.S. at 751. "Where local law qualifies or abridges [a claim], the federal court must follow suit," or "the principle of *Erie* . . . is transgressed." *Ragan*, 337 U.S. at 533; *see Walker*, 446 U.S. at 753.

Though appearing in the Code of Civil Procedure, California's anti-SLAPP statute similarly qualifies as a substantive decision that the right to prosecute certain claims should be qualified or abridged.

### B. This Case Presents No Conflict with the Federal Rules

Trump University says that California's anti-SLAPP statute conflicts with the Federal Rules of Civil Procedure. But it identifies no genuine conflict raised by any provisions at issue in this appeal.

Trump University says §425.16 conflicts with Federal Rule 8 and 12's provisions on pleading claims, and with Rule 56's on summary judgment. Yet like the statute discouraging "strike suits" in *Cohen*, §425.16 clearly speaks to different

- 13 -

concerns than do these Federal Rules. *Newsham* thus soundly rejected contentions that §425.16(b)'s special motion to strike and §425.16(c)'s fee-shifting provision conflict with the Federal Rules. For "these provisions and Rules 8, 12, and 56 'can exist side by side . . . each controlling its own intended sphere of coverage without conflict.'" *Newsham*, 190 F.3d at 972 (quoting *Walker*, 446 U.S. at 752). Citing *Cohen*'s holding that a state law designed to discourage meritless "strike suits" mandated dismissal of a shareholder's federal lawsuit, this Court aptly observed that "there is no indication that Rules 8, 12, and 56 were intended to 'occupy the field' with respect to pretrial procedures aimed at weeding out meritless claims." *Newsham*, 190 F.3d at 972-73.

The First Circuit has similarly rejected contentions that Maine's anti-SLAPP statute conflicts with Rules 12 and 56. For "Rules 12 and 56 do not 'attempt[ ] to answer the same question,' nor do they 'address the same subject,'" as the anti-SLAPP law. *Godin*, 629 F.3d at 88 (citation omitted). The state law "does not seek to displace the Federal Rules or have Rules 12(b)(6) and 56 cease to function." *Id*. "Neither Rule 12 nor Rule 56 . . . purport to be so broad as to preclude additional mechanisms meant to curtail rights-dampening litigation," and "'there is no indication that Rules . . . 12 and 56 were intended to "occupy the field" with respect to pretrial procedures aimed at weeding out meritless claims.'" *Id*. at 91 (quoting *Newsham*, 190 F.3d at 972).

- 14 -

Trump University complains the anti-SLAPP statute's standard of proof varies from that most often applied under Rule 56. Yet our Supreme Court holds that "in ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden," *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 254 (1986), which in diversity cases ordinarily comes from state law.[7] Indeed, *Erie **requires*** federal courts to apply state-law presumptions and burdens of proof to state-law claims asserted in federal proceedings.[8] The presumption of §425.16 is that a plaintiff's claim targeting acts of free speech and civic participation should not proceed absent a preliminary showing of probable merit. *See* CCCP §425.16(b).

This Court's holding in *Metabolife*, 264 F.3d at 845-47, that a plaintiff opposing an anti-SLAPP motion is entitled to discovery under Rule 56(f), removed the one arguable conflict between California's anti-SLAPP law and the Federal Rules. But the conflict was relatively insignificant, as §425.16(g) also permits discovery "for

---

[7]     *See, e.g.*, *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 523 (3d Cir. 2012) (applying Pennsylvania-law clear-and-convincing evidence standard in federal summary-judgment appeal).

[8]     *See Palmer v. Hoffman*, 318 U.S. 109, 117 (1943); *California Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1406 (9th Cir. 1995); *Breeland v. Hide-A-Way Lake, Inc.*, 585 F.2d 716, 721-22 (5th Cir. 1978).

- 15 -

good cause shown." And whether *Metabolife* was correctly decided is immaterial here, as Trump University opted ***not*** to seek discovery under *Metabolife*.

Trump University says the anti-SLAPP statute's provision on attorneys' fees conflicts with Rules 11 and 54. It clearly does not. Section 425.16(c) shifts a defendant's fees to an unsuccessful plaintiff for different reasons and without regard to whether a complaint is defective in ways that might also warrant sanctions under Rule 11. Under *Cohen* and *Alyeska*, "'where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto . . . should be followed.'" *Alyeska*, 421 U.S. at 259 n.31 (citation omitted). And fee shifting as a sanction for misconduct remains available despite the existence and validity of state laws shifting fees. *Chambers v. NASCO*, 501 U.S. 32, 51-52 (1991).

Trump University says that applying California law conflicts with Rule 54 which "governs the recovery of attorneys' fees and costs in a federal action." Pet. at 13. Again there is no conflict: "In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law."[9] Rule

---

[9]     *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see, e.g.*, *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1005 (9th Cir. 2009)

54(d) looks to external "substantive law" – such as California's anti-SLAPP statute – when it provides that "[a] claim for attorney's fees . . . must be made by motion **unless the substantive law** requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A) (emphasis added).

This case presents no conflict between CCCP §425.16 and the Federal Rules.

### C. *Cohen's* Collateral-Order Doctrine Confers Jurisdiction

After arguing at length that this Court should convene en banc to overturn *Newsham*, Trump University suggests it lacks jurisdiction to do so – citing purported precedential conflict on whether orders denying an anti-SLAPP motion can be appealed under *Cohen*. Again, there is no real conflict.

*Cohen* itself holds that an order declining to terminate litigation barred by state law is an appealable collateral order. And generally speaking, where state law grants an immunity **from suit**, rather than merely a defense to liability, orders denying motions to terminate an action are immediately appealable under *Cohen*: "We agree with our sister circuits that the availability of an appeal depends on whether, under **state** law, the immunity functions as an immunity from suit or only as a defense to liability." *Liberal*, 632 F.3d at 1074 (Court's emphasis; citing and following

---

(motion for attorneys' fee award under Montana law properly raised under Rule 54(d)(2)).

843809_1

numerous decisions of the Second, Third, Fourth, Fifth, Sixth, Tenth, and Eleventh Circuits).

Whether an immediate appeal would be available in state court can, of course, be relevant – because it may strongly suggest that state law provides immunity from suit rather than a mere defense to liability. *Id.*; *see Godin*, 629 F.3d at 85; *Brown v. Grabowski*, 922 F.2d 1097, 1109 (3d Cir. 1990). Here the codified right to immediate appeal in §425.16(j) clearly identifies California's anti-SLAPP statute as one providing immunity from suit. *DC Comics*, 706 F.3d at 1015; *Batzel*, 333 F.3d at 1025. *See supra* at 5-7.

Citing Judge Paez's concern about "state-by-state variations" when some states' laws provide an immunity from suit, and others only a defense to liability, slip op. at 41-42, Trump University suggests that appealability under *Cohen* ought not to vary because of differences in state law. But the very point of *Erie* is that federal courts must pay heed to state-by-state differences. That some other states' laws may provide only a defense to liability, and no protection from exposure to litigation, does not place this Court's decisions on appealability in conflict. *See DC Comics*, 706 F. 3d at 1016.

There is no need here for en banc rehearing.

## III.   CONCLUSION

Rehearing en banc should be denied.

DATED:  June 13, 2013                    Respectfully submitted,

                                         ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         ERIC ALAN ISAACSON
                                         RACHEL L. JENSEN
                                         THOMAS R. MERRICK
                                         AMANDA M. FRAME


                                              s/ ERIC ALAN ISAACSON
                                         _____
                                            ERIC ALAN ISAACSON

                                         655 West Broadway, Suite 1900
                                         San Diego, CA  92101
                                         Telephone:  619/231-1058
                                         619/231-7423 (fax)

                                         ZELDES HAEGGQUIST & ECK, LLP
                                         AMBER L. ECK
                                         HELEN I. ZELDES
                                         625 Broadway, Suite 1000
                                         San Diego, CA  92101
                                         Telephone:  619/342-8000
                                         619/342-7878 (fax)

                                         Attorneys for Plaintiff-Counter-Defendant-
                                         Appellant Tarla Makaeff

843809_1

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certified that Plaintiff-Counter-Defendant-Appellant Tarla Makaeff uses a proportionally spaced Times New Roman typeface, 14-point, and that the text of the brief comprises 4,180 words according to the word count provided by Microsoft Word 2010 word processing software.

s/ ERIC ALAN ISAACSON

ERIC ALAN ISAACSON

843809_1

9th Circuit Case Number(s)   | 11-55016

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
## When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | June 13, 2013 |.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format)   | s/ Eric Alan Isaacson

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
## When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) |                    | .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)

**Return to Service List Page**

**Service List for Case:** 11-55016 In re: Tarla Makaeff et al v. Trump University LLC et al

**Current Associated Cases:** none

**CAUTION:** If the word *Active* is in the **ECF Filing Status** column, then your electronic filing will constitute service to the party.
If *Not Registered*, *Exempt*, *Exemption Expired*, *Pending*, *Rejected*, or *Suspended* appears in the **ECF Filing Status** column (or it is blank), then you must service this party by US Mail.

| Contact Info | Case Number/s | Service Preference | ECF Filing Status |
|---|---|---|---|
| Christopher M. Burke<br>Scott & Scott LLP<br>Suite 1000<br>707 Broadway<br>10th Floor<br>San Diego, CA 92101<br>Email: cburke@scott-scott.com | 11-55016 | Email | Active |
| Amber Eck<br>Zeldes Haeggquist & Eck, LLP<br>625 Broadway<br>San Diego, CA 92101<br>Email: Ambere@zhlaw.com | 11-55016 | Email | Active |
| Amanda M. Frame<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>Email: aframe@rgrdlaw.com | 11-55016 | Email | Active |
| Eric Alan Isaacson<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>Email: erici@rgrdlaw.com | 11-55016 | Email | Active |
| Rachel L. Jensen<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>Email: rachelj@rgrdlaw.com | 11-55016 | Email | Active |
| John David Loy<br>ACLU Foundation of San Diego and Imperial Counties<br>P.O. Box 87131<br>San Diego, CA 92138<br>Email: davidloy@aclusandiego.org | 11-55016 | Email | Active |
| Jill Ann Martin<br>c/o Trump National Golf Club | 11-55016 | Email | Active |

| | | | |
|---|---|---|---|
| One Ocean Trails Dr.<br>Rancho Palos Verdes, CA 90275<br>Email: jmartin@trumpnational.com | | | |
| Thomas R. Merrick<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>Email: tmerrick@rgrdlaw.com | 11-55016 | Email | Active |
| David Keith Schneider<br>Yunker & Schneider<br>Suite 1400<br>655 West Broadway<br>San Diego, CA 92101<br>Email: dks@yslaw.com | 11-55016 | Email | Active |