No. 11-55016

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

TARLA MAKAEFF, Individually and on Behalf of All Others Similarly Situated,

Plaintiff-Counter-Defendant-Appellant,

vs.

TRUMP UNIVERSITY, LLC,

Defendant-Counter-Claimant-Appellee.

Appeal from the United States District Court
for the Southern District of California
No. 3:10-cv-00940-IEG(WVG)
The Honorable Irma E. Gonzalez

MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN OPPOSITION
TO TRUMP UNIVERSITY'S PETITION FOR EN BANC REHEARING

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
CHRISTOPHER M. BURKE (214799)
JOHN T. JASNOCH (281605)
707 Broadway, Suite 1000
San Diego, CA  92101
Telephone:  619/233-4565
619/233-0508 (fax)

Attorneys for *Amicus Curiae* Consumer Attorneys of California

*Makaeff v. Trump University, LLC*
Ninth Circuit Case No. 11-55016

## CORPORATE DISCLOSURE STATEMENT

Consumer Attorneys of California has no parent company, subsidiary, or affiliate that has issued shares to the public.

## TABLE OF CONTENTS

MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF ................................1

*AMICUS CURIAE* BRIEF ..................................................................................2

    I.   STATEMENT OF INTEREST ...................................................................2

    II.  ARGUMENT ...............................................................................................3

        A.   California's Anti-SLAPP Law Provides Substantive Protections to Consumers ........................................................3

        B.   Any Ruling that California's Anti-SLAPP Law is Procedural Would Result in Forum Shopping to the Detriment of California Consumers ..........................................................5

        C.   California's Anti-SLAPP Law Does Not Conflict with the Federal Rules of Civil Procedure ..........................................................8

        D.   The Location of the Anti-SLAPP Law in the Code of Civil Procedure is Not Determinative ..........................................................9

    III. CONCLUSION ..........................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Californians for Disability Rights v. Mervyn's, LLC,*
  39 Cal. 4th 223 (2006) ................................................................................. 2

*Clayworth v. Pfizer, Inc.,*
  49 Cal. 4th 758 (2010) ................................................................................. 2

*Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd.,*
  41 F.3d 764 (1st Cir. 1994) .......................................................................... 7

*Computer Economics, Inc. v. Gartner Group, Inc.,*
  50 F. Supp. 2d 980 (S.D. Cal. 1999) ........................................................... 5

*Edelson v. Soricelli,*
  610 F.2d 131 (3d Cir. 1979) ........................................................................ 9

*Erie Railroad v. Tompkins,*
  304 U.S. 64, 58 S. Ct. 817 (1938) ............................................................... 3

*Fed. Savings & Loan Ins. Corp. v. Butler,*
  904 F.2d 505 (9th Cir. 1990) ....................................................................... 9

*Gasperini v. Center for Humanities, Inc.,*
  518 U.S. 415, 116 S.Ct. 2211 (1996) .......................................................... 6

*Godin v. Schencks,*
  629 F.3d 79 (1st Cir. 2010) ..................................................................... 5, 8

*Hanna v. Plumer,*
  380 U.S. 460, 85 S. Ct. 1136 (1965) ........................................................... 6

*In re Tobacco II Cases,*
  46 Cal. 4th 298 (2009) ................................................................................. 2

*Kwikset Corp. v. Superior Court,*
  51 Cal. 4th 310 (2011) ................................................................................. 2

*Liberty Synergistics Inc. v. Microflo Ltd.,*
  Docket No. 12-108-cv, 2013 WL 2361042 (2d Cir. May 31, 2013) ....... 3, 4

*Lindley v. General Electric Co.*,
  780 F.2d 797 (9th Cir. 1986) ............................................................................ 9

*Mason and Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*,
  632 F.3d 1056 (9th Cir. 2011) .......................................................................... 9

*Palmer v. Hoffman*,
  318 U.S. 109 (1943) ........................................................................................ 5

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
  559 U.S. 393, 130 S. Ct. 1431 (2010) ...................................................... *passim*

*Simpson Strong-Tie Co., Inc. v. Gore*,
  49 Cal. 4th 12 (2010) ....................................................................................... 2

*Sun Oil Co. v. Wortman*,
  486 U.S. 717, 108 S. Ct. 2117 (1988) .............................................................. 6

*United States v. Poland,*
  562 F.3d 35 (1st Cir. 1998) .............................................................................. 4

*Varian Med. Sys., Inc. v. Delfino,*
  35 Cal. 4th 180 (2005) ..................................................................................... 4

*Walker v. Armco Steel Corp.,*
  446 U.S. 740 (1980) ......................................................................................... 8

**STATUTES, RULES & REGULATIONS**

United States Code
  28 U.S.C. § 1453 .............................................................................................. 7

Cal. Civ. Proc. Code
  § 425.16(b)(1) .................................................................................................. 5
  § 430.10(e) ....................................................................................................... 8
  § 437c ............................................................................................................... 8
  § 877 ................................................................................................................. 9

Federal Rules of Civil Procedure
  Rule 12(b)(6) .................................................................................................... 8
  Rule 56 ............................................................................................................. 8

Federal Rules of Appellate Procedure
    Rule Rule 29(b) .................................................................................................1
    Rule 29(c)(5) ....................................................................................................2

**OTHER AUTHORITIES**

Larry D. Kramer, *Choice of Law in Complex Litigation*, 71 N.Y.U.L. REV.
    547, 569 (1996) ................................................................................................4

# MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

Consumer Attorneys of California ("CAOC") moves the court, pursuant to Rule 29(b) of the Federal Rules of Appellate Procedure, for an order granting CAOC leave to file a brief as *amicus curiae* in opposition to defendant-counter-plaintiff-appellee Trump University's Petition for En Banc Rehearing. Appellant Tarla Makaeff consents to CAOC filing a brief as *amicus curiae*. Appellee Trump University, LLC opposes CAOC's motion.

CAOC, founded in 1962, is a voluntary, non-profit, membership organization of approximately 3,000 consumer attorneys practicing in California. Its members predominantly represent individuals subject to a variety of unlawful and harmful business practices, including consumer fraud, personal injuries, wage and hour violations, and insurance bad faith. CAOC has taken a leading role in advancing and protecting the rights of consumers in both courts and the legislature.

As set forth in the attached brief, CAOC contends that the panel's ruling that Trump University must demonstrate that the consumer acted with actual malice in order to prevail on its defamation claim was correct and that a rehearing en banc is not necessary or appropriate. CAOC is familiar with the questions presented in this appeal and believes that the analysis and policy considerations in the accompanying brief will be of assistance to the Court. Accordingly, CAOC respectfully requests permission to file the attached *amicus curiae* brief.

## *AMICUS CURIAE* BRIEF

I.   STATEMENT OF INTEREST[1]

CAOC, founded in 1962, is a voluntary non-profit membership organization of approximately 3,000 consumer attorneys practicing in California. Its members predominantly represent individuals subjected to a variety of unlawful and harmful business practices, including consumer fraud, personal injuries, wage and hour violations, and insurance bad faith. CAOC has taken a leading role in advancing and protecting the rights of consumers in both the courts and the legislature.

CAOC has participated as an *amicus curiae* in cases interpreting California's anti-SLAPP law (strategic lawsuits against public participation), *see e.g., Simpson Strong-Tie Co., Inc. v. Gore,* 49 Cal. 4th 12 (2010)[2], as well as a number of leading cases interpreting other California consumer protection statutes, including *Kwikset Corp. v. Superior Court,* 51 Cal. 4th 310 (2011); *Clayworth v. Pfizer, Inc.,* 49 Cal. 4th 758 (2010); *In re Tobacco II Cases,* 46 Cal. 4th 298 (2009); and *Californians for Disability Rights v. Mervyn's, LLC,* 39 Cal. 4th 223 (2006). On December 16, 2011, this Court granted CAOC's Motion for Leave to file *Amicus Curiae* brief in support of Plaintiff-Counter-Defendant-Appellant.

---

[1] Pursuant to FRAP 29(c)(5), CAOC certifies that no counsel for any party authored this brief in whole or in part, that no counsel or party made a monetary contribution intended to fund the preparation or submission of this brief, and that no person other than CAOC, its members, and its counsel have made such a monetary contribution. Appellant Makaeff consents to this filing of this brief; appellee Trump University does not consent to its filing.

[2] Unless otherwise indicated, all internal citations are omitted and emphasis is added.

## II.   ARGUMENT

In the previous *Amicus Curiae* brief, the CAOC urged the Court to reverse the ruling in the District Court and dismiss Trump University's counterclaims pursuant to California's Anti-SLAPP law. The issue before the Court now is whether the Court should permit a rehearing *en banc*. For the reasons set forth below, this request should be denied.

### A.   California's Anti-SLAPP Law Provides Substantive Protections to Consumers

The thrust of Trump University's argument is that California's Anti-SLAPP law is procedural in nature and thus inappropriate for application in Federal Courts. California's Anti-SLAPP law, however, provides **substantive** protections to consumers and litigants across California. Although the CAOC's June 2011 brief describes California's Anti-SLAPP law as a "mere rule of procedure," it is common for procedural rules to have substantive implications, *see, e.g., Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 130 S. Ct. 1431, 1442 (2010) (plurality opinion); *id*. at 1450 (Stevens, J., concurring). In addition, state rules that are considered "procedural" under state law may still apply in federal diversity suits if those rules are considered "substantive" under federal law pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938). *Liberty Synergistics Inc. v. Microflo Ltd.*, Docket No. 12-108-cv, 2013 WL 2361042, at *2 (2d Cir. May 31, 2013).

"There is no bright line distinguishing substance from procedure, that the meanings of these terms shade into one another by degrees and vary from context to context." Larry D. Kramer, *Choice of Law in Complex Litigation*, 71 N.Y.U.L. REV. 547, 569 (1996). Indeed, the First Circuit Court of Appeals has labeled the line between substance and procedure "an enduring conundrum." *United States v. Poland,* 562 F.3d 35, 40 (1st Cir. 1998).

The nature of California's Anti-SLAPP law, however, is clear. According to the Supreme Court of California, "[t]he point of the anti-SLAPP statute is that you have a right *not* to be dragged through the courts because you exercised your constitutional rights." *Varian Med. Sys., Inc. v. Delfino*, 35 Cal. 4th 180, 193 (2005). California's anti-SLAPP law is rightly considered part of California's "framework of substantive rights and remedies," and is therefore substantive in nature and appropriate for application in federal court. *See Shady Grove,* 130 S. Ct. at 1449. California's anti-SLAPP law "reflects a substantive policy favoring the special protection of certain defendants from the burdens of litigation because they engaged in constitutionally protected activity." *Liberty Synergistics*, 2013 WL 2361042, at *11-12. Courts across the country have recognized the substance of California's anti-SLAPP law and its analogues. Any ruling to the contrary would clearly weaken consumers' ability and incentive to effectively redress widespread violations of law.

The claims in question in this action are based upon Ms. Makaeff's protected petitioning conduct and the fact that Trump University cannot meet the special rules that California has created to protect such activity. California's anti-SLAPP law includes a substantive provision that shifts the burden of proof necessary to defeat the special motion to strike (Cal. Civ. Proc. Code §425.16(b)(1)), and determines the scope of the plaintiff's burden (requiring "a probability that the plaintiff will prevail on the claim." *Id.*). It is black letter law that the allocation of the burden of proof is substantive in nature and controlled by state law. *Palmer v. Hoffman,* 318 U.S. 109, 117 (1943). Consumers like Ms. Makaeff should continue to be afforded the substantive rights provided by California's anti-SLAPP law.

### B. Any Ruling that California's Anti-SLAPP Law is Procedural Would Result in Forum Shopping to the Detriment of California Consumers

One of the main purposes of *Erie* was to discourage forum shopping and avoiding inequitable administration of laws. These purposes are best served by applying anti-SLAPP statutes in federal court. *See Godin v. Schencks,* 629 F.3d 79, 86 (1st Cir. 2010) (applying Maine's anti-SLAPP statute in Federal Court).

The *Erie* doctrine requires the court to analyze the probable effect non-application of the rule will have on the behavior of litigants or the outcome of the case. *Computer Economics, Inc. v. Gartner Group, Inc.,* 50 F. Supp. 2d 980, 991

(S.D. Cal. 1999). Specifically, the state rule should apply when the failure to do so would significantly affect the outcome of the litigation, encourage forum shopping, or result in "inequitable administration of the laws." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 428, 116 S.Ct. 2211, 2220 (1996) (quoting *Hanna v. Plumer*, 380 U.S. 460, 468, 85 S. Ct. 1136, 1142 (1965)).

Whether a particular state rule of decision is "substantive" under *Erie* is a question of federal law, *see Sun Oil Co. v. Wortman*, 486 U.S. 717, 726–27, 108 S. Ct. 2117, 2124 (1988); *Hanna*, 380 U.S. at 465–66, and is decided by examining:

> "whether application of the [State's] rule would make so important a difference to the character or result of the litigation that failure to enforce it would unfairly discriminate against citizens of the forum State, or whether application of the rule would have so important an effect upon the fortunes of one or both of the litigants that failure to enforce it would be likely to cause a plaintiff to choose the federal court."

*Gasperini*, 518 U.S. at 428 n.8.

This test looks not to the labels but to the content of state rules of decision. Whether a state rule of decision is "substantive" in this sense is a legal inquiry independent of the facts of a particular case. *See, e.g., id*. (asking whether "failure to enforce [the state law] would be likely to **cause a plaintiff** [not **the plaintiff**] to choose the federal court."

Applying this standard, it is clear that declining to apply California's anti-SLAPP law in federal court would result in an inequitable administration of justice

- 6 -

between a defense asserted in state court and the same defense asserted in federal court. *Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd.,* 41 F.3d 764, 773 (1st Cir. 1994). Federal Rules simply "cannot govern a particular case in which the rule would displace a state law that is procedural in the ordinary use of the term but is so intertwined with a state right or remedy that it functions to define the scope of the state-created right." *Shady Grove,* 130 S. Ct. at 1452. Furthermore, if California's anti-SLAPP law was not applied in federal courts, the incentives for forum shopping would be strong. Parties threated by constitutionally protected activities would elect to bring state-law claims in federal as opposed to state court in order to avoid California's anti-SLAPP law's burden-shifting framework.

In addition, because of the Class Action Fairness Act, 28 U.S.C. §1453, and other laws which reduce the ability of consumers to bring class action lawsuits in state court, the potential for the abuse of SLAPP suits would increase if the Court forecloses the application of California's anti-SLAPP law in Federal Court. Wronged consumers would be at a significant disadvantage without the substantive protections provided by California's anti-SLAPP law as the risk and cost to defend against frivolous counterclaims would act as a severe disincentive for consumers to vindicate their rights via the class action mechanism in federal court. When faced with a class action, corporate defendants could simply file frivolous and abusive

counterclaims without the fear of the anti-SLAPP law's special motion to strike provision.

### C. California's Anti-SLAPP Law Does Not Conflict with the Federal Rules of Civil Procedure

Neither Fed. R. Civ. P. 12(b)(6) nor Fed. R. Civ. P. 56, on a straightforward reading, is meant to control the particular issues presented by anti-SLAPP laws. *Godin,* 629 F.3d at 86. Rules 12(b)(6) and 56 do not purport to apply to suits challenging the defendants' exercise of their constitutional petitioning rights. *Id.* at 88. California has its own general procedural rules that are the equivalents of Fed. R. Civ. P. 12(b)(6) and 56. *See* Cal. Civ. Proc. Code §§430.10(e) and 437c. That fact furthers the view that California has not created a substitute for the federal rules, but instead a supplemental and substantive rule to provide added protections to defendants who are named as parties because of constitutional petitioning activities.

In addition, the relevant question is no longer whether there is a "direct conflict" between a state law and a federal rule of civil procedure, (*Walker v. Armco Steel Corp.,* 446 U.S. 740 (1980)), the relevant question is whether the federal rule is "sufficiently broad to control the issue before the court." *Shady GroveI* 130 S. Ct. at 1451 (Stevens, J., concurring) (*quoting Walker,* 446 U.S. at 749-50). It is clear that the Federal Rules of Civil Procedure do not "attempt[] to answer the same question," *Shady Grove* 130 S. Ct. at 1437, or "address the same

subject," *Id.* at 1440, as California's anti-SLAPP law, and do not foreclose its application.

### D. The Location of the Anti-SLAPP Llaw in the Code of Civil Procedure is Not Determinative

Although California's anti-SLAPP law can be found in the California Code of Civil Procedure, this location is not determinative and does not affect the substantive rights the law confers. Other sections of the California Code of Civil Procedure have been held to be substantive by this Court. *See e.g. Fed. Savings & Loan Ins. Corp. v. Butler,* 904 F.2d 505, 511 (9th Cir. 1990) (holding that California Code of Civil Procedure §877 constitutes substantive law); *Mason and Dixon Intermodal, Inc. v. Lapmaster Int'l LLC,* 632 F.3d 1056, 1060 (9th Cir. 2011) (same); *Lindley v. General Electric Co.,* 780 F.2d 797, 800-1 (9th Cir. 1986) (holding that California Code of Civil Procedure §474 is substantive law under *Erie* and can be applied by federal courts). Other Circuit Courts of Appeal have reached the same conclusion. *See Edelson v. Soricelli,* 610 F.2d 131, 133 (3d Cir. 1979) (stating that classification of state rule as substantive or procedural "provides no effective guidance" in applying the *Erie* doctrine).

## III. CONCLUSION

For the reasons set forth herein, this Court should deny Trump University's motion for rehearing en banc and allow consumers to continue to benefit from California's anti-SLAPP law in Federal Court.

DATED:  June 24, 2013              Respectfully Submitted,

                                                      SCOTT + SCOTT, ATTORNEYS AT
                                                         LAW, LLP
CHRISTOPHER M. BURKE (214799)
JOHN T. JASNOCH (281605)

<u>/s/ Christopher M. Burke</u>
CHRISTOPHER M. BURKE

707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619/233-4565
619/233-0508 (fax)

Attorneys for *Amicus Curiae* Consumer Attorneys of California

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

The undersigned counsel certified that *Amicus Curiae* Consumer Attorneys of California's brief uses a proportionally spaced Times New Roman typeface, 14-point, and the text of the brief comprises 2,167 words according to the word count provided by Microsoft Word 2010 word processing software.

/s/ Christopher M. Burke
CHRISTOPHER M. BURKE

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 24, 2013 at San Diego, California.


/s/ Christopher M. Burke
CHRISTOPHER M. BURKE