No. 11-55016

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

TARLA MAKAEFF, Individually and on Behalf of All Others Similarly Situated,

Plaintiff-Counter-Defendant-Appellant,

vs.

TRUMP UNIVERSITY, LLC,

Defendant-Counter-Claimant-Appellee.

Appeal from the United States District Court
for the Southern District of California
No. 3:10-cv-00940-IEG(WVG)
The Honorable Irma E. Gonzalez

UNOPPOSED RULE 39-1.8 MOTION TO TRANSFER ISSUE OF APPELLATE
ATTORNEYS' FEES TO THE DISTRICT COURT

| | |
|---|---|
| ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>ERIC ALAN ISAACSON (120584)<br>RACHEL L. JENSEN (211456)<br>THOMAS R. MERRICK (177987)<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax) | ZELDES HAEGGQUIST & ECK, LLP<br>HELEN I. ZELDES (220051)<br>AMBER L. ECK (177882)<br>625 Broadway, Suite 1000<br>San Diego, CA 92101<br>Telephone: 619/342-8000<br>619/342-7878 (fax) |

Attorneys for Plaintiff-Counter-Defendant-Appellant
[Additional counsel appear on signature page.]

899398_2

Appellant Tarla Makaeff respectfully moves the Court to transfer the issue of appellate attorneys' fees to the district court.

Ninth Circuit Rule 39-1.8 states that "[a]ny party who is *or may be* eligible for attorneys fees on appeal to this Court may, within the time permitted in Circuit Rule 39-1.6, file a motion to transfer consideration of attorneys fees on appeal to the district court or administrative agency from which the appeal was taken." Ninth Cir. Rule 39-1.8 (emphasis added). Such a motion thus is timely if filed within 14 days after the disposition of a petition for rehearing. Ninth Cir. Rule 39-1.6. This Court frequently transfers issues of appellate attorneys' fees to the district court under Rule 39-1.8, often doing so sua sponte. *See, e.g.*, *Am. Jewish Cong. v. City of Beverly Hills*, 90 F.3d 379, 386 (9th Cir. 1996) (en banc); *Webb v. Ada County*, 285 F.3d 829, 841 (9th Cir. 2002); *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 534 (9th Cir. 1998).

On November 27, 2013, this Court denied Trump University's petition for rehearing. In light of this Court's decision in this appeal, reversing the district court's denial of Makaeff's Anti-SLAPP motion and requiring the district court to reconsider its ruling, *see Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 271 (9th Cir. 2013), Makaeff may well be entitled to attorneys' fees. State law controls the award of

- 1 -

attorneys' fees on state-law issues in diversity cases.[1] And California's Anti-SLAPP statute provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Code Civ. P. §425.16(c).

This provision, affording attorneys' fees to a prevailing defendant, is an essential component of the Anti-SLAPP statute, and furthers the state legislature's expressed goal of discouraging non-meritorious actions calculated to chill free speech.[2] As the concurring opinion accompanying this Court's order denying Trump University's petition for rehearing observes, "Trump University's counterclaim was obviously designed to overwhelm Makaeff by making it more burdensome and expensive for her to pursue her deceptive business practices claims against Trump University." *Makaeff v. Trump Univ., LLC*, No. 11-55016, 2013 U.S. App. LEXIS 23900, at *16-*17 (9th Cir. Nov. 27, 2013).

A California statute authorizing a prevailing-party fee award generally includes appellate attorney fees unless the statute specifically provides otherwise.[3] California's

---

[1] *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975); *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1005 (9th Cir. 2009); *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007).

[2] *See generally Averill v. Superior Court*, 50 Cal. Rptr. 2d 62, 65 (Cal. App. 1996) (explaining the Anti-SLAPP statute's purpose) (citing *Dixon v. Superior Court*, 36 Cal. Rptr. 2d 687, 693 (Cal. App. 1994)).

[3] *See Morcos v. Bd. of Ret.*, 800 P.2d 543, 545 (Cal. 1990); *Grade-Way Constr. Co. v. Golden Eagle Ins. Co*., 16 Cal. Rptr. 2d 649, 656 (Cal. App. 1993).

- 2 -

Anti-SLAPP statute, in particular, "'does not preclude recovery of appellate attorney fees by a prevailing defendant-respondent; hence they are recoverable.'" *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*, 45 Cal. Rptr. 3d 633, 637 (Cal. App. 2006) (quoting *Evans v. Unkow*, 45 Cal. Rptr. 2d 624, 630 (Cal. App. 1995)); *accord Dove Audio Inc. v. Rosenfeld, Meyer & Susman*, 54 Cal. Rptr. 2d 830, 835 (Cal. App. 1996).

This Court's decisions appear to be inconsistent, however, with respect to whether a district court may award prevailing-party attorneys' fees for appellate work absent an express transfer order from this Court. This Court has held that a district court may, following a remand, award prevailing-party attorneys' fees for work done on an appeal that contributed to the eventual judgment. *See Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 884 (9th Cir. 2005). This Court's decision in *Twentieth Century Fox*, involving the copyright-law's prevailing-party provision, flatly rejects contentions, "[r]elying heavily on Circuit Rules 39-1.6 and 39-1.8, . . . that the district court was without jurisdiction to award appeal fees . . . because Twentieth Century Fox Parties did not first file an application with us to recover fees and expenses." 429 F.3d at 884. This Court held: "We see no abuse of discretion in the district court's decision to award Twentieth Century Fox Parties its fees for the prior summary judgment appeal." *Id*.

- 3 -

899398_2

Yet this Court's decision in *Cummings v. Connell*, 402 F.3d 936, 940 (9th Cir. 2005), held that a district court's prevailing-party award of appellate attorneys' fees was improper where no transfer was sought under Ninth Circuit Rule 39-1.8: "In the absence of such a transfer, the district court was not authorized to rule on the request for appellate attorney's fees." *Cummings*, 402 F.3d at 948. In *Cummings*, "plaintiffs' request was filed way out of time – nine months after time for filing a petition for rehearing or suggestion for rehearing en banc had expired." *Id.* at 948 n.6.

Out of an abundance of caution, and as an application for prevailing-party attorneys' fees would be premature before in fact Makaeff prevails on her Anti-SLAPP motion on remand, *see Makaeff*, 715 F.3d at 271, Makaeff now respectfully requests transfer of the issue of appellate attorneys' fees to the district court in compliance with Rule 39-1.8's provision that "[a]ny party who is ***or may be*** eligible for attorneys fees on appeal to this Court may, within the time permitted in Circuit Rule 39-1.6, file a motion to transfer consideration of attorneys fees on appeal to the district court or administrative agency from which the appeal was taken." Ninth Cir. Rule 39-1.8 (emphasis added).

Counsel for Trump University was contacted by phone and, informed of this motion's substance, stated that she does not oppose a Rule 39-1.8 transfer for the district court to consider the issue of appellate fees if and when it may become appropriate.

DATED: December 10, 2013

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
ERIC ALAN ISAACSON
RACHEL L. JENSEN
THOMAS R. MERRICK

s/ ERIC ALAN ISAACSON
ERIC ALAN ISAACSON

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
 & DOWD LLP
AMANDA M. FRAME
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

- 5 -

899398_2

ZELDES HAEGGQUIST & ECK, LLP
HELEN I. ZELDES
AMBER L. ECK
625 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)

Attorneys for Plaintiff-Counter-Defendant-Appellant

| 9th Circuit Case Number(s) | 11-55016 |
|---|---|

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) December 10, 2013.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format): s/ Eric Alan Isaacson

*********************************************************************************

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format):

**Return to Service List Page**

**Service List for Case:** 11-55016 Tarla Makaeff et al v. Trump University LLC et al

**Current Associated Cases:** none

**CAUTION:** If the word *Active* is in the **ECF Filing Status** column, then your electronic filing will constitute service to the party.
If *Not Registered*, *Exempt*, *Exemption Expired*, *Pending*, *Rejected*, or *Suspended* appears in the **ECF Filing Status** column (or it is blank), then you must service this party by US Mail.

| Contact Info | Case Number/s | Service Preference | ECF Filing Status |
|---|---|---|---|
| Christopher M. Burke<br>Scott & Scott LLP<br>Suite 1000<br>707 Broadway<br>10th Floor<br>San Diego, CA 92101<br>Email: cburke@scott-scott.com | 11-55016 | Email | Active |
| Amber Eck<br>Zeldes Haeggquist & Eck, LLP<br>625 Broadway<br>San Diego, CA 92101<br>Email: Ambere@zhlaw.com | 11-55016 | Email | Active |
| Amanda M. Frame<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>Email: aframe@rgrdlaw.com | 11-55016 | Email | Active |
| Eric Alan Isaacson<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>Email: erici@rgrdlaw.com | 11-55016 | Email | Active |
| Rachel L. Jensen<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>Email: rachelj@rgrdlaw.com | 11-55016 | Email | Active |
| John David Loy<br>ACLU Foundation of San Diego and Imperial Counties<br>P.O. Box 87131<br>San Diego, CA 92138<br>Email: davidloy@aclusandiego.org | 11-55016 | Email | Active |
| Jill Ann Martin<br>c/o Trump National Golf Club | 11-55016 | Email | Active |

| | | | |
|---|---|---|---|
| One Ocean Trails Dr.<br>Rancho Palos Verdes, CA 90275<br>Email: jmartin@trumpnational.com | | | |
| Thomas R. Merrick<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>Suite 1900<br>655 West Broadway<br>San Diego, CA 92101-8498<br>Email: tmerrick@rgrdlaw.com | 11-55016 | Email | Active |
| David Keith Schneider<br>Yunker & Schneider<br>Suite 1400<br>655 West Broadway<br>San Diego, CA 92101<br>Email: dks@yslaw.com | 11-55016 | Email | Active |